STATE VS. JAGER.

19    235
81 Minn 504

Sections 7, 9, 10, ch. 180, R. S., which provide for certifying to this court exceptions taken by " any person who shall be convicted of an offense before the circuit court " &c., apply only to purely criminal causes, and not to proceedings against the putative father of a bastard child, under ch. 37, R. S.

The decision in *State v. Mushied*, 12 Wis., 561, that such proceedings in bastardy cannot be brought to this court on *appeal*, adhered to.

CERTIFIED from the Circuit Court for *Winnebago* County. *Whittemore & Weisbrod*, for defendant.

*Winfield Smith*, Attorney General, *contra*, to the point that this was not a case in which exceptions could be taken under sec. 7, ch. 180, R. S., cited R. S., chap. 37; 11 N. H., 156; 12 id., 144; 6 Pick., 104; 6 Blackf., 4, 5; 39 Me., 472.

*By the Court*, COLE, J. This is a bastardy case, which has been certified to this court on exceptions under section 7, chap. 180, R. S. The attorney general insists that the exceptions must be dismissed, for the reason that it is not a case in which exceptions could be taken under that section. We think this view of that section is correct, and that the objection must prevail.

It is provided in that section that any person who shall be convicted of an "*offense*" before the circuit court, being aggrieved by any opinion or direction of the court in any matter of law, may have his exceptions, &c. When the exceptions are allowed and signed by the judge, the statute requires that all further proceedings shall be stayed, unless it clearly appears to the judge that such exceptions are frivolous, immaterial or intended only for delay, in which case judgment may be entered and *sentence awarded* notwithstanding the allowance of the exceptions. This language, together with the context, shows that this statute was intended to apply to purely criminal causes. The words " offense" is used as synonymous with " crime," and means an offense for which a criminal punish-

ment may by law be inflicted. A prosecution in a case of bastardy, under our statute, seems to be *sui generis*—not strictly either a civil or criminal suit, but in form and object partaking of many of the incidents of both. In the case of the *State v. Mushied*, Mr. Justice PAINE says that bastardy proceedings are not strictly of a criminal character, yet they have always been considered as *quasi* criminal. This is undoubtedly the view which courts in modern times have taken of bastardy pro-ceedings, that they are "neither wholly civil, nor wholly crimi-nal, but have many of the features and incidents of each." *Hills v. Wells*, 6 Pick., 104; *Marston v. Jenness*, 11 N. H., 156; *Same Case*, in 12 N. H., 137; *Walker v. State*, 6 Blackf., 1; *Beals v. Furbish*, 39 Maine, 469.

The very obvious intent of our bastardy act is, to enforce the duty which the putative father is under to support his child. Hence it compels him to pay the mother such sums of money as she, with the approval of the town authorities, may agree to receive in full satisfaction for that purpose; and also compels him to indemnify and save the town harmless from all expense for the maintenance of such child, or any charges incurred by the town for the lying in and support of the mother during her sickness. Chap. 37, R. S. It is not the ob-ject of this statute to punish the father as for the commission of a criminal offense, and therefore there is not properly speaking any "sentence," as upon a conviction for a crime. But the statute was intended to enforce the natural obligation which the parent is under to support and provide for his off-spring, legitimate or illegitimate (*Duffies v. State*, 7 Wis., 672), and not to punish for an offense against good morals and common decency. Consequently we think the case could not be certified to this court upon exceptions.

It is probably unnecessary to add, what must be obvious on the slightest glance, that there is nothing · in the views above expressed, inconsistent with the decision in *State v. Mushied*. The question in that case was, whether a bastardy case could

be brought to this court by appeal. It was held that it could not—that the appeal statute applied to civil cases only, and not to those of a *quasi* criminal character. Here the question is, whether the case is one in which exceptions can be taken under chap. 180, and we hold that it is not, since that chapter applies only to cases purely criminal.

The cause must therefore be dismissed.