# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

STATE OF MINNESOTA, *ex rel*. PETER JOHNSON, *vs.* JOHN C. BECHT.

May 1, 1876.

**Bastardy Proceedings—Imprisonment for Debt.**—The provisions of Gen. St. *c.* 17, § 7, relating to bastards, are not repugnant to § 7 or § 12, art. 1, of the constitution.

Writ of *habeas corpus*, issued from this court, and directed to the respondent as sheriff of Ramsey county, who made return that he held the petitioner under the commitment mentioned in the opinion, a copy of which was annexed to the return, in which commitment the proceedings mentioned in the opinion are fully recited, as well as the fact made to appear to the district court that there was no common jail in Wright county. To this return the petitioner demurred.

*Arctander & Reynolds*, for petitioner.

*E. E. Wendell*, for respondent.

CORNELL, J. The relator, having been found guilty of bastardy, on a trial in the district court for Wright county,

was thereupon adjudged to be the father of a bastard child, and charged with its maintenance in a sum specified in the judgment, together with the costs of prosecution, and ordered to enter into a bond for the performance of the judgment, pursuant to the provisions of Gen. St. c. 17, § 7. Neglecting and refusing to give the required bond, he was committed to the jail of Ramsey county, and is now held under such process of commitment.

The main question raised and discussed upon the argument relates to the constitutional validity of so much of this statute as authorizes the commitment of a defendant prosecuted under its provisions, in case he refuses to give the required bond, pursuant to the order and judgment of the court.

Our statute upon the subject of bastardy seems to have been borrowed from the state of Wisconsin. The supreme court of that state, in referring to proceedings under this and similar statutes, correctly say : " They are not strictly of a criminal character, though they have always been considered as *quasi* criminal, and the view undoubtedly taken of them by courts in modern times is that they are neither wholly civil nor wholly criminal, but have many of the features and incidents of both." *State* v. *Jager*, 19 Wis. 235, and cases there cited. Statutes of this character are in the nature of police regulations, having, as their principal object and purpose, the enforcement, upon the putative father of a bastard child, of the moral and natural duty resting upon him to furnish it adequate support and maintenance, and to indemnify the community against its becoming a public charge and burden. *Hawes* v. *Cooksey*, 13 Ohio, 242 ; *Musser* v. *Stewart*, 21 Ohio St. 353 ; *Lower* v. *Wallick*, 25 Ind. 68, followed and approved in *Ex parte Teague*, 41 Ind. 278. The infliction, upon the father, of a punishment for the act of begetting a bastard child, as for a criminal offence, is not the purpose of our statute, nor is such its effect. It is rather against the consequences of the

act, both as respects the child and the public, that its provisions are directed and intended to operate. It follows that the statute is not invalid by reason of anything contained in § 7, art. 1, of the constitution.

Is it repugnant to section 12 of the same article, which declares that " no person shall be imprisoned for debt in this state ; but this shall not prevent the legislature from providing for imprisonment, or holding to bail persons charged with fraud in contracting said debt? The term debt, in its ordinary and legal acceptance, imports a sum of money or something due and owing from one to another, arising out of a contract express or implied. 3 Bl. Com. 154 ; *Matter of Denny & Manhattan Co.*, 2 Hill, 220. That this was the sense in which it was intended to be used in the clause under consideration is apparent from the context. It is difficult to perceive why the power of providing for arrest, holding to bail, and imprisonment, was withheld from the legislature in respect to all cases of personal wrongs and torts, penalties, fines, forfeitures, and the like, and expressly preserved in respect to the single case of a fraud perpetrated in the contracting of a debt ; and yet this is the result of this clause, according to the construction claimed on the part of the relator. The same reasons of policy that justify the retention of this power in the legislature in cases of fraud, apply with equal, if not greater, force to all other cases of civil wrongs and injuries analogous in character and alike injurious in their results. There is nothing in the section of the constitution under consideration leading to the supposition that its framers intended to make any distinction between an act of fraud and other like wrongful acts, in respect to the power of legislation over them, and we are not inclined to give it any such construction. The liability imposed by the judgment and statute in this case is not a debt within the meaning of this clause of the constitution. It simply charges the relator with the performance of a duty not founded in any contract, but growing out of his

natural relation to his illegitimate offspring, and terminating with the death of the child.

The defect in the process of commitment, in not being properly tested in the name of the district judge, is one which the relator should have specifically pointed out in his petition, in order to avail himself of it on the argument, and is, therefore, disregarded.

The demurrer to the return is overruled, and the prisoner is remanded to the custody of defendant as sheriff as aforesaid.