STATE OF MINNESOTA *vs.* WILLIAM SNURE.

May 9, 1882.

**Bastardy—Complaint, Verdict, and Justice's Record held Sufficient.—**
A complaint under Gen. St. 1878, *c.* 17, *held* sufficient. The omission of
the justice to entitle the proceedings under that chapter in his docket,
their nature, and who are the parties fully appearing therein, is only ir-
regularity, and should be disregarded. Informality in a verdict disre-
garded where the intention of the jury is manifest.

**Same — Omission of Defendant to Testify.** — The provision of Gen. St.
*c.* 73, § 7, forbidding comment to be made on the omission of a defendant
to be sworn in his own behalf, does not apply to proceedings under Gen.
St., *c.* 17.

**Same—Evidence.—**Certain questions to a witness *held* not improper. Evi-
dence *held* sufficient to sustain a verdict.

The defendant was arrested and held for trial by a justice of the
peace on the following complaint :

"Franzesha Gissel, of said county, being first duly sworn and ex-
amined on oath by the undersigned, E. C. Huntington, one of the
justices of the peace of said county, on her oath complains and says
that on the 16th day of April, 1881, at the town of Southbrook, in
said county, she was delivered of as follows : a female child, which is
a bastard, and that William Snure, of said county, is father of said
child.

"Wherefore, the affiant prays that William Snure may be arrested
and brought before this court to answer her said complaint."

The return of the justice had no title of the case, but the certificate
was that it contained "all the papers in the case of the State of
Minnesota *vs.* Wm. Snure."

The defendant was tried in the district court for Cottonwood county,
*Severance*, J., presiding. The jury returned the following verdict :
[Title.] "We, the jury in the above-entitled case, find the defendant
guilty," which was signed by their foreman. A new trial was refused;
and defendant appealed.

*Emory Clark,* for appellant.

*A. D. Perkins,* for the State.

GILFILLAN, C. J. The complaint in this case is very nearly in the language of the statute. It states, at any rate, all the facts which the statute seems to contemplate as necessary. Gen. St. 1878, *c.* 17, § 1. The allegation that the child "is a bastard" implies that it is alive at the time of making the complaint. The transcript of the justice's docket returned to the district court shows proper proceedings had before him, and their nature, fully. The omission to formally entitle the proceeding or action in the docket (who were the parties appearing therein) was at most only an irregularity, which could not possibly prejudice or mislead any one, and should be disregarded. The same is the case with the form of the verdict rendered. No one could misunderstand what the jury intended by it, nor to what case it related.

None of the questions asked of complainant was obnoxious to the objections made. The question, "Was this child begotten at the intercourse in July?" did not, as the case stood when it was asked, call for an opinion, but for a fact that might well be within her knowledge. Thus, if that was the only act of intercourse within the time when the child must, as shown by the time of its birth, have been conceived, she would certainly know as a fact that it was begotten on that occasion.

The point that the county attorney was permitted, against defendant's objection, to comment, in his argument to the jury, on the omission of defendant to be sworn in his own behalf, depends on the last clause in Gen. St. 1878, *c.* 73, § 7, prohibiting such comments in certain cases. That clause applies to the "trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes and offences;" that is, proceedings for punishment for crimes and offences. These are not such proceedings.

In *State* v. *Becht,* 23 Minn. 1, this court said: "The infliction, upon the father, of a punishment for the act of begetting a bastard child, as for a criminal offence, is not the purpose of our statute, nor is such its effect." The proceedings are sometimes spoken of as *quasi* criminal; neither wholly civil nor wholly criminal, but having many of the features of both. *State* v. *Becht, supra; State* v. *Jager,*

19 Wis. 235. So, in *State* v. *Worthingham*, 23 Minn. 528, it was held that the oath prescribed for the jury in civil cases is the proper one in these proceedings. The purpose of the proceeding being only to enforce upon a father the natural duty which he owes to his illegitimate offspring, and to prevent its becoming a public charge and burden, and not to punish him as for a crime, the clause in section 7 does not apply.

There is nothing in the point that the verdict is not justified by the evidence. The case was peculiarly one for the jury, who, having the witness before them, were the best judges of how much the contradictions in her testimony appearing on the record should detract from the credit to be given to her testimony.

Order affirmed.