STATE OF MINNESOTA *vs.* AUGUST WENZ.

July 8, 1889.

Seduction—Indictment.—The allegation in an indictment for seduction, that the woman "was then and there an unmarried female of previous chaste character," is a sufficient allegation of chaste character at the time of the alleged seduction.

Same—Evidence—Conviction on Charge of Bastardy.—Upon the trial of an indictment for seduction, the record of a previous conviction of defendant upon a charge against him by the complaining witness for bastardy is not admissible.

Same—Presumption of Chastity.—Upon such a trial the usual presumption of chastity in a woman does not apply.

Appeal by defendant from an order of the district court for Goodhue county, *McCluer, J.,* presiding, refusing a new trial after conviction on an indictment for seduction under promise of marriage.

*Hoyt & Michael,* for appellant.

*Moses E. Clapp,* Attorney General, and *F. M. Wilson,* for the State.

GILFILLAN, C. J. Indictment for seduction. The indictment charged that the woman "was then and there [*i. e.,* at the time and place of the seduction charged] an unmarried female of previous chaste character." Objection is taken to this as not stating with sufficient definiteness that she was chaste at the particular time. But the clause quoted means that she was at that time, and previous to that time, of chaste character.

The assignments of error point out several rulings of the court in admitting or excluding evidence, or in its charge; but, as there must be a new trial, we will consider only two of them, the others being of minor importance, and likely not to arise on a second trial.

The trial court admitted in evidence, against defendant's objection that it was incompetent, irrelevant, and immaterial, the record of the conviction of the defendant in the district court, upon a complaint of bastardy made by the woman named in the indictment. That was

error. The fact of conviction was the only thing which in this pros- ecution the record was competent to prove, and that fact was im- material. It could not be *res judicata* as to any fact involved in this prosecution, not only because the issues were not the same, but be- cause the character of the proceedings was different, and the trial of one proceeded on rules and principles not applicable to the other. One was in the nature of a civil action, and its trial was conducted upon the rules applicable to civil actions. *State* v. *Snure,* 29 Minn. 132, (12 N. W. Rep. 347.) A preponderance of evidence was all that was necessary to a conviction, and it might be had, (if it satis- fied the minds of the jury,) on the unsupported testimony of the wo- man. This is a criminal action. A conviction can be justified only on such evidence as satisfies the minds of the jury beyond a reason- able doubt; and by statute a conviction cannot be had on the unsup- ported testimony of the woman. Her testimony must be corrobo- rated by other evidence upon every essential element of the offence.

The court in its charge stated the purpose with which it admitted the record to have been to corroborate the testimony of the complain- ing witness, that illicit intercourse had occurred between her and de- fendant. But it could not establish that on that trial there was other evidence than hers of the illicit intercourse, nor could it be used in lieu of such other evidence, if there was any; and certainly what she testified on that trial, or the effect which her testimony had on the minds of that jury, could not corroborate her testimony in this case.

The court charged the jury "that chastity in a woman is by law presumed to be her natural condition. The law assumes that no woman is unchaste until that is established. That presumption goes along with the complaining witness in this case, the same as the pre- sumption of innocence with the defendant. That presumption is an item in the consideration of that question." It is true, as a general proposition, that chastity is presumed. But the presumption can hardly survive the person's confession, in her testimony, of unchas- tity. The statute as to this offence, as construed by this court, re- quires proof and corroboration of the woman's testimony as to pre- vious chaste character. *State* v. *Timmens,* 4 Minn. 241, (325;) *State*

v. *Brinkhaus,* 34 Minn. 285, (25 N. W. Rep. 642.)   This excludes, in indictments for seduction, the ordinary presumption of chastity. The charge was therefore error.

Order reversed.