STATE v. JOHN RYAN.

November 29, 1899.

Nos. 11,857—(19).

**Bastardy.**

On the trial of an action brought under the provisions of G. S. 1894, c. 17, the inquiry is as to the paternity of the child, and not as to the exact day on which it was begotten. But, under some circumstances, the occasion, as testified to by the complaining witness, may become material although the exact day is not.

**Evidence.**

*Held*, under the peculiar condition of the evidence in the case at bar, that the trial court erred when it modified certain requests to charge, submitted by counsel for defendant, by interpolating the words "on or about" immediately preceding the date stated in the requests, such date being that fixed with great positiveness by the complainant as the one on which she had sexual intercourse with the accused, and also erred in other portions of its charge having a bearing on the same question.

In the district court for Olmsted county defendant was convicted of being the father of a bastard child; and from an order, Snow, J., denying a motion for a new trial, he appealed. Reversed.

*Thomas Spillane* and *W. Logan Brackenridge*, for appellant.

*Chas. C. Willson*, for respondent.

COLLINS, J.

This was an action under the provisions of G. S. 1894, c. 17, commonly known as the "Bastardy Act," in which the defendant was found guilty. His appeal is from an order denying a motion for a new trial, and the order will have to be reversed on account of prejudicial error committed by the court when charging the jury.

A part of the facts, as testified to by the complainant, will have to be stated for a full understanding of the error in the charge. The complainant was aged 27 years, and had known defendant about 10 years. She was a dressmaker, generally employed in town, while her father's house was on a farm a short distance out. The defendant had paid her considerable attention for some three years, and she had frequently been in his company when no other

person was present. On the evening of August 25, 1897, she was' alone at her father's house, and about half past nine o'clock defendant called. Her testimony was that soon after defendant arrived he put his arm around her, and partly carried her into the bedroom, where they had intercourse, and the child was begotten. She was positive as to the date and the occasion. She testified that he remained at the house alone with her until after one o'clock; that on this occasion he had intercourse with her but once; and also that this was the first and only time she had ever had sexual connection with him. She also testified as to her physical condition at this particular time, and that for two days she had been menstruating, with more or less flow, and that this condition continued for about two days afterwards. It was the opinion of medical experts, sworn in defendant's behalf, that, while it was possible for a woman to become pregnant under such circumstances, it was highly improbable. On her cross-examination the complainant again fixed the day as being August 25, 1897, with the greatest positiveness, and adhered strictly to the circumstances and the condition she was in, physically, as previously detailed.

With this condition of the evidence, counsel for defendant made several requests to charge of about the same import, although differently worded. These requests were, in effect, that unless the jury should find that defendant had sexual intercourse with the complainant on August 25, 1897, and that the child was begotten on that day, the defendant could not be found guilty. The gist of these requests was that the defendant must be declared not guilty unless the jury found, by a preponderance of evidence, that the complainant's statement as to the exact day on which she met defendant at her father's house was literally true. The court might have safely refused to give these requests as written, but, instead of so doing, each one was modified so as to read that, unless the jury found that defendant had sexual intercourse with the complainant "on or about" August 25, he should be found not guilty. The court also charged that the particular time and place of the intercourse were immaterial, so long as it occurred within the time mentioned by the physicians as the usual period of gestation; that it is not the law to confine the public prosecutor to the exact date

set forth in the complaint; and that, if the evidence satisfied the jury that the intercourse took place within "that period of about a week," the defendant could be found guilty. Counsel for defendant excepted to the modifications referred to, and also to the portions of the charge above mentioned.

It is true that the inquiry in this class of cases is as to the paternity of the child, and not as to the exact day on which it was generated; but it is essential to allege a date in the complaint, and to substantiate the allegation at the trial. The exact day on which the child was begotten is immaterial, except as it bears upon the principal question, which is whether or not the accused is the father of the bastard. State v. Smith, 47 Minn. 475, 50 N. W. 605. And the court below could have safely charged the jury in this action that, while the exact date of the intercourse between these parties was not material, the occasion was, because of the peculiar circumstances testified to by the complainant. But this is not what the court charged, nor was the charge equivalent to this. It gave the jury an opportunity wholly to reject the testimony of the plaintiff as to what transpired on the evening of August 25, and at the same time to conclude that the child was begotten on some other occasion about that day, it having been shown that the parties were together on other occasions not far from August 25. Under the charge as given, including the modification of the requests of counsel, the jury might have been misled on the subject of dates, and have felt justified in disbelieving the complainant's account of the time, place, and circumstances under which she became pregnant.

If her statement as to the occurrence was disbelieved and rejected by the jury, there was an entire absence of evidence to support the verdict. Sexual intercourse at any other time or place or circumstances than at the father's house on the evening of August 25 was positively denied by the complainant. And, when considering what the jurors may have concluded as to her truthfulness, we must not forget that incredulity would naturally arise in the minds of ordinary men when listening to her statement that she, a woman 27 years of age, was so easily led astray by an old acquaintance, who previously had plenty of opportunities to approach her improperly if he desired, that there was but the single act that night,

and that never thereafter did they have sexual connection. And we must also bear her physicial condition in mind, and that it was extremely improbable that she could become pregnant from intercourse under such circumstances. These are all matters bearing upon the probability that the jury may have placed an unwarranted construction upon the charge to defendant's prejudice, and have concluded that, although not satisfied of the truthfulness of the complaining witness when telling when and where and under what circumstances the child was begotten, they could convict because from the testimony it appeared that there were other opportunities for sexual intercourse. The peculiar circumstances of the case were such that the charge should not have been subject to misconstruction.

Order reversed, and a new trial granted.