## STATE v. IVER BRATHOVDE.[1]

December 6, 1900.

Nos. 12,383—(17).

### Bastardy Act—Complaint Sufficient.

In proceedings under the bastardy act, a complaint which charges that the complainant is pregnant with a child, which, if born alive, will be a bastard, naming the party and stating the other requisites of the statute, states a good cause of action.

### Same—Time and Place.

The fact that time and place are not given does not make the complaint subject to the objection that it does not state facts sufficient to constitute a cause of action.

### Same.

If the preliminary examination before the justice court does not sufficiently apprise the defendant of such time and place to prepare himself to meet the charge at the trial, the remedy is to move the court to make the complaint more specific in those particulars.

### Directing Attention to Supposed Resemblance of Child.

Calling the attention of the jury to the supposed resemblance of the child to the defendant, who was charged with being its father, was improper, on the part of the prosecuting attorney, as tending to prejudice the jury. But, under the circumstances in this case, and in view of the court's instructions, a new trial will not be ordered on that account.

1 Reported in 84 N. W. 340.

**Verdict Sustained by Evidence.**

Evidence examined, and *held* to sustain the verdict.

In the district court for Freeborn county defendant was convicted of being the father of a bastard child. From an order, Kingsley, J., denying a motion for a new trial, defendant appealed. Affirmed.

*H. H. Dunn,* for appellant.

*R. S. Clements* and *Henry A. Morgan,* for respondent.

LEWIS, J.

A complaint in bastardy proceedings set out the charge in the following language:

"* * * who, being duly sworn, on her oath says that she is pregnant with a child, which, if born alive, will be a bastard, and that Iver Brathovde is the father of such child, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota," etc.

When the action came on for trial in the district court, defendant objected to the introduction of any evidence on behalf of the state, on the ground that the complaint did not state facts sufficient to constitute a public offense, nor a cause of action against defendant, and that said complaint was indefinite and uncertain both as to time and place. The objection was overruled, and the ruling is assigned as error.

1. So far as the rules of evidence and pleading are concerned, such proceedings are of a civil nature, not criminal, and the sufficiency of the complaint is to be tested by the rules applicable to civil actions. This complaint is attacked chiefly on the ground that defendant was not furnished with a definite statement as to time and place, and for that reason he could not be prepared to meet the charge. Under the bastardy act, proceedings must be commenced in the justice court by the filing of the complaint. An examination before the justice ensues, and the evidence is reduced to writing; and, in case the accused does not comply with the provisions of the statute as to the care of the child and expenses, if there is probable cause for believing him guilty, the examination is returned to the district court, and the accused is required to furnish bonds for his

appearance. In the district court the trial proceeds upon the same complaint.

Defendant does not waive a valid objection to the complaint because taken for the first time in district court. The objection was timely, but the complaint was not open to the objection. It has been the tendency of this court not to apply a strict rule of construction in reference to pleadings in justice courts, for the reason that public necessity requires that persons not educated and experienced as lawyers act as justices and attorneys in those courts. The statute in question is very plain and simple, and seems to have been intentionally made so, because persons of limited legal learning and experience must be charged with its enforcement. The pleading under consideration should not be taken as a model, even in such proceedings, but it is strictly within the words of the statute. It might have been more specific and definite as to time and place, and, if a proper motion had been made to that effect, no doubt the court would have so ordered. But the defendant could not have been taken by surprise by such omissions. He had before him the examination taken in the justice court, and was fully apprised of the facts as testified to by the prosecution. The complaint was good as against the objection made. A similar complaint was held sufficient in Zweifel v. State, 27 Wis. 396.

2. Defendant also claims that the evidence does not justify the verdict. As is usual in this class of cases, there are some denials on the part of the prosecutrix as to her consent to the embrace of defendant; but, on the whole record, we are satisfied that the verdict is sustained by the evidence.

3. In the course of his argument to the jury, counsel for the state made the following remark:

"I want the jury to look at the child, and see if it is not marked with his [defendant's] own face and countenance."

Counsel for defendant objecting, the court immediately addressed the jury as follows:

"It is certainly improper for counsel to call the attention of the jury to any real or supposed resemblance between a child of that immature age and the defendant, and the jury will not take into

consideration any such matter; and, if counsel has called their attention to any such matter, it must be entirely and wholly disregarded."

It appears from the record that the child was only about three months old, and that it was in the keeping of the mother during the trial, and was frequently in the court room, in the presence and view of the jury. To say the least, such conduct on the part of a prosecuting officer is almost inexcusable. The legal representatives of the state in such proceedings should depend upon substantial, credible evidence, and not seek to influence a jury by calling attention to the mobile features of a babe in arms. It is a common saying that all young babies look alike, but such an invitation would tend to give free scope to the imagination, in attempting to test the attorney's suggestion. However, the trial judge immediately instructed the jury to disregard the insinuation, and, having had the opportunity to consider the matter upon the application for a new trial, we must conclude that the court was right in holding that the incident was not prejudicial to the rights of defendant.

Order affirmed.

COLLINS, J. (dissenting).

Bastardy proceedings are neither wholly civil nor wholly criminal, but have many of the features and incidents of both. State v. Jager, 19 Wis. 251. See State v. Becht, 23 Minn. 1. They have been properly designated as "quasi criminal." In any event, they are of great importance to the accused, for the result may be imprisonment; and it seems to me that he should at least have some of the rights and privileges of a person charged with a petty criminal offense. Among those rights is that of having the time alleged when the child, if yet unborn, was begotten, that he may properly prepare his defense. Littleton v. Perry, 50 N. H. 29; Beals v. Furbish, 39 Me. 469. I still adhere to an opinion expressed obiter in State v. Ryan, 78 Minn. 218, 80 N. W. 962, that "it is essential to allege a date in the complaint" as that on which the unborn child was begotten.