## STATE v. HENNING WALLEN.[1]

October 3, 1913.

Nos. 18,188—(9).

**Conviction sustained by evidence.**

In a prosecution for incest it is *held* that the evidence is sufficient to support the verdict of guilty, and that the record presents no reversible error.

Defendant was indicted for the crime of incest, tried in the district court for the county of McLeod before Morrison, J., and a jury, and convicted. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*C. G. Odquist,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alonzo J. Edgerton,* Assistant Attorney General, and *W. O. McNelly,* County Attorney, for respondent.

BROWN, C. J.

Defendant was duly convicted of the crime of incest and appealed from an order denying a new trial.

Defendant is 65 years of age, and a widower, his wife having died a year or two prior to the date of the crime charged in the indictment. Complainant is defendant's daughter and of the age of 25 years. She was a married woman, but her husband had deserted her prior to the date in question, and she was residing with and keeping house for her father, the defendant. The indictment charges defendant with having intercourse with this daughter on March 21, 1912. The evidence supports the charge, and also shows that unlawful intercourse took place between the parties on several other occasions prior to that date, all of which occurred within a period of a year and four months. The daughter testified to the fact of intercourse, against her will, though her resistance appears not to

[1] Reported in 143 N. W. 119.

have been of a character to make the charge one of rape. Defendant took the stand as a witness in his own behalf and explicitly denied the charge made against him.

1. It is contended that the testimony of complainant of acts of intercourse prior to the date relied upon for conviction was too remote and erroneously admitted. It is not contended that evidence of other acts of intercourse was inadmissible, (State v. Schmeller, 120 Minn. 26, 138 N. W. 937), but that the other acts were too far removed from the date charged to serve as corroboration, and only tended to prejudice the jury against defendant. In this we do not concur. In a prosecution of this character it seems clear that prior acts of intercourse extending over the period of time here disclosed, and under the circumstances presented, constitute potent and persuasive corroborative evidence, and tend strongly to affirm the truth of the specific charge. If the relation between the parties had been of this character for a year and four months, the inference is strong that it so continued until interrupted by the arrest and prosecution on the specific charge. We affirm the admissibility of the evidence.

2. It is contended that the evidence is insufficient to justify the conviction of defendant, in view of the rule of reasonable doubt. This contention is not well founded. The evidence offered by the state, the testimony of the daughter, was, if believed by the jury, amply sufficient to warrant them declaring defendant guilty. The record presents no fact or circumstance tending to discredit the witness, or reason for doubting her veracity. By giving her testimony she had all to lose and nothing to gain, speaking from a selfish standpoint. While the record discloses that trouble and strife existed between the father and daughter for some little time before his arrest, it does not disclose the particular cause thereof, and the jury might well have concluded that it was occasioned by the protests of the daughter against a continuance of the conduct of the father. If the daughter wilfully fabricated the story against her father, she well knew an estrangement would follow, and the love and affection of a parent be gone forever. Therefore the fair inference is that she told the truth. It does not appear that she was a voluntary prose-

123 M.—9.

cutor; on the contrary, others instigated the prosecution and she was made a witness on the command of the state in the usual way. And, moreover, her evidence was strongly corroborated by that given by the officer who arrested defendant, in which he related a conversation between the father and daughter at that time, which indicated beyond reasonable controversy that improper relations had existed between the parties for some time. The fact that a particular occasion was designated by complainant at about the date named in the indictment, and that defendant produced testimony tending to show that the act did not and could not have taken place on that occasion, by reason of the presence of another person, who gave evidence that it did not, is not conclusive against the state. The precise date was not material, and the complainant may have been mistaken in that respect. State v. Ryan, 78 Minn. 218, 80 N. W. 962, is not in point. In that case it appeared from the testimony of the prosecutrix that but one act of intercourse ever took place between the parties, and she definitely and specifically indicated the place and occasion. In the case at bar other acts of intercourse took place, and the witness was unable to give the precise date of either. This differentiates the cases. In the case at bar the state was not required by the court to elect a particular date. Defendant made no demand for such election.

3. It is also contended that the county attorney was guilty of misconduct in his argument to the jury to the substantial prejudice of defendant, and that a new trial should be granted for that reason. The assignments of error covering this contention, and the argument in support of the same, have all been considered with care. If it be conceded that the record sufficiently presents the alleged offensive argument of the county attorney, we find from what is disclosed no sound reason for holding that any prejudice resulted to defendant therefrom.

Order affirmed.