[Criminal No. 532.   Filed June 28, 1922.]

[207 Pac. 877.]

## O. J. SKAGGS, Appellant, v. STATE, Respondent.

1. BASTARDS—APPELLATE JURISDICTION MUST BE BASED ON STATUTORY PROVISION.—The jurisdiction of the appellate court to consider a case of bastardy must be based on statutory provision.

2. BASTARDS—NO RIGHT OF APPEAL CONFERRED BY PENAL CODE.—No right of appeal in bastardy cases is conferred by Penal Code of 1913, sections 1151–1163, inclusive, because under the express terms of the bastardy statute the prosecution thereunder proceeds upon the complaint originally filed by the woman complainant in the justice court, and section 1151 provides for an appeal only in criminal cases presented by indictment and information.

3. BASTARDS—PROCEEDINGS OF STATUTE CIVIL IN NATURE.—The bastardy statute is civil in its nature, and the proceedings authorized thereby are governed by the rules applicable to civil actions.

4. STATUTES — CONSTRUCTION OF STATUTES ADOPTED FROM ANOTHER STATE ADOPTED WITH STATUTE.—The legislature by adopting the bastardy statute from the state of Minnesota adopted also the well-settled construction placed upon it by the courts of the state from which the law was taken.

5. Statutes—Bastardy Law Incorporated in Penal Code Held Void as not Within Title.—The incorporation of Bastardy Law in Penal Code, under title, "An act to establish a penal code," violated Constitution, article 4, part 2, section 13, as embracing within the title quoted a subject and matters connected therewith not expressed in the title, and is therefore void.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Appeal dismissed.

Messrs. Baker & Whitney, for Appellant.

Mr. W. J. Galbraith, Attorney General, Mr. George R. Hill and Mr. F. W. Perkins, Assistant Attorneys General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

FLANIGAN, J.—In proceedings brought under the provisions of title 10, part 1 (sections 369 to 381, inclusive), of the Penal Code, entitled "Bastards," the appellant was adjudged guilty of being the father of the unborn child of an unmarried woman, and an order was accordingly made charging him with the maintenance of such child, if it should be born, and requiring him to give bond to secure his performance of such judgment and order. Thereafter the appellant moved for a new trial and an arrest of judgment, and from the orders denying said motions, and the judgment and order of the court charging him with the maintenance of the child, he gave notice of appeal to this court.

The appellant has made and argued many assignments of error, including an assignment that the judgment and order of maintenance appealed from are void because of the unconstitutionality of the Bastardy Law for conflict with section 13, part 2, article 4, of the Constitution. The argument on that assignment presented in the briefs for the appellant

and the state will be noticed in connection with the determinative question of whether any appeal lies to this court from such judgment and order.

Our jurisdiction to consider this case on appeal must be based upon the authority of some statutory provision. *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670.

No right of appeal is conferred by the provisions of chapter 1, title 11, part 2, of the Penal Code (sections 1151 to 1163, inclusive), because under the express terms of the Bastardy Law prosecution thereunder proceeds upon the complaint originally filed by the woman complainant in the justice court (see the statute and *State* v. *Brathovde,* 81 Minn. 501, 84 N. W. 340) ; and the Code (section 1151) provides for an appeal only in criminal cases prosecuted by indictment or information.

Assuming that, under the provisions of paragraphs 1227, 1228 of the Civil Code, an appeal would lie from such judgment or order as rendered in a civil action or proceeding (paragraph 1226), the questions are directly presented whether the bastardy statute provides for a civil action or proceeding, and whether, if it so provides, it is constitutional under the terms of section 13, part 2, article 4, of the Constitution.

Upon the assumption that the case is properly in this court on appeal, the parties have presented the constitutional question just referred to, and we shall advert to such of the arguments offered on that head as will aid in the clear development of the matters necessary to the decision of the determinative question of our jurisdiction.

Section 13, part 2, article 4, of the Constitution reads as follows:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be

24 Ariz.—13

embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

The contention is that the title under which the Penal Code was enacted, being "An act to establish a Penal Code," of which Code the Bastardy Act is a part, is not sufficiently comprehensive to embrace the law, inasmuch as proceedings under it must be regarded as civil in character, so that the law can constitutionally have no place in the Penal Code.

The bastardy statute was adopted from the Revised Laws of Minnesota 1905, being chapter 17 of such laws (sections 1567 to 1579, inclusive), and for all practical purposes is a substantial rescript of such chapter. This Minnesota act has been on the statute-books of that state since at least the year 1866, appearing in the Revision of that year and of 1878 as chapter 17, and has been many times construed by the Supreme Court of Minnesota. Under these decisions there is no doubt that the proceedings authorized by this statute are to be considered civil in nature, and governed by the rules of procedure applicable to civil actions.

In *State* v. *Becht,* 23 Minn. 1, it is said:

"Our statute upon the subject of bastardy seems to have been borrowed from the state of Wisconsin. The supreme court of that state, in referring to proceedings under this and similar statutes, correctly say: 'They are not strictly of a criminal character, though they have always been considered as *quasi*-criminal, and the view undoubtedly taken of them by courts in modern times is that they are neither wholly civil nor wholly criminal, but have many of the features and incidents of both.' *State* v. *Jager,* 19 Wis. 235, and cases there cited. Statutes of this character are in the nature of police regulations, having, as their principal object and purpose, the enforcement, upon the putative father of a bastard

child, of the moral and natural duty resting upon him to furnish it adequate support and maintenance, and to indemnify the community against its becoming a public charge and burden. *Hawes* v. *Cooksey,* 13 Ohio, 242; *Musser* v. *Stewart,* 21 Ohio St. 353; *Lower* v. *Wallick,* 25 Ind. 68, followed and approved in *Ex parte Teague,* 41 Ind. 278. The infliction, upon the father, of a punishment for the act of begetting a bastard child, as for a criminal offense, is not the purpose of our statute, nor is such its effect. It is rather against the consequences of the act, both as respects the child and the public, that its provisions are directed and intended to operate."

It has accordingly been held by the Minnesota court that in bastardy proceedings proof beyond a reasonable doubt is not required in order to convict the defendant, but merely proof by a preponderance of the evidence; that the testimony of the complainant, the mother, need not be corroborated by other evidence (*State* v. *Nichols,* 29 Minn. 357, 13 N. W. 153); that the county attorney in his argument to the jury is at liberty to comment upon the omission of the defendant to be sworn in his own behalf. (*State* v. *Snure,* 29 Minn. 132, 12 N. W. 347); that the oath prescribed for the jury in civil cases is the proper one in such proceedings (*State* v. *Worthingham,* 23 Minn. 528); that an appeal from the district court in bastardy proceedings is to be effected in the same manner as an appeal in civil actions (*State* v. *Klitzke,* 46 Minn. 343, 49 N. W. 54); and that the sufficiency of the complaint in such actions is to be determined by the rules applicable to civil causes (*State* v. *Brathovde,* 81 Minn. 501, 84 N. W. 340). See, also, to the same effect generally the cases of *State* v. *Hausewedell,* 94 Minn. 177, 102 N. W. 204; *McKittrick* v. *Cahoon,* 89 Minn. 383, 99 Am. St. Rep. 606, 62 L. R. A. 757, 95 N. W. 223; *State* v. *Nestaval,* 72 Minn. 415, 75 N. W. 725; *State* v. *Wenz,* 41 Minn. 196,

42 N. W. 933; *State* v. *Eichmiller,* 35 Minn. 240, 28 N. W. 503.

The construction of the act so made by the Minnesota court was well settled at the time of the enactment of our Penal Code, and as, under the decisions of this court, the legislature of this state by adopting the law adopted also the well-settled construction placed upon it by the courts of the state from which the law was taken (see *Territory* v. *Delinquent Tax List,* 3 Ariz. 117, 21 Pac. 768; *Cheda* v. *Skinner,* 6 Ariz. 196, 57 Pac. 64; *Goldman* v. *Sotelo,* 8 Ariz. 85, 68 Pac. 558; *Elias* v. *Territory,* 9 Ariz. 1, 11 Ann. Cas. 1153, 76 Pac. 605; *Anderson* v. *Territory,* 9 Ariz. 50, 76 Pac. 636; *Copper Queen C. M. Co.* v. *Territory,* 9 Ariz. 383, 84 Pac. 511; *Costello* v. *Muheim,* 9 Ariz. 422, 84 Pac. 906; *Territory* v. *Copper Queen C. M. Co.,* 13 Ariz. 198, 108 Pac. 960; *Fertig* v. *State,* 14 Ariz. 540, 133 Pac. 99), it is claimed that the conclusion follows that the bastardy act is void under the constitutional provisions referred to. In further support of this contention, there is cited the case of *State* v. *Tieman,* 32 Wash. 294, 98 Am. St. Rep. 854, 73 Pac. 375, in which it is held that the inclusion within the general Penal Code of the territory of Washington, which Code was entitled, "An act relative to crimes and punishments, and proceedings in criminal cases," of a statute on bastardy offended against the act of Congress providing for the organization of the territory of Washington, which provided that "every law shall embrace but one object, and that shall be expressed in the title," because such statute did not provide for a criminal proceeding. After referring to the decisions from other states to the effect that the same or similar statutes had been held with uniformity to give rise to a civil, and not a criminal, liability, the court felt constrained to hold that the statute in question, being civil in character,

could not lawfully be enacted as a part of a general enactment having for its title a reference to criminal objects and procedure only, and that the statute was repugnant to the constitutional provision referred to, and therefore void.

In *State* v. *Brandner,* 21 N. D. 310, 130 N. W. 941, it is held that, as the Bastardy Law of that state provided for the arrest of the defendant at public expense upon a criminal complaint, in criminal proceedings brought in the name of the state, and for his imprisonment if he failed to obey the final order of the court, the proceedings were *quasi*-criminal, at least, and the inclusion of such law within the Code of Criminal Procedure under the title, ''An act to establish a code of criminal procedure for the state of North Dakota,'' did not violate section 61 of the Constitution of that state, to the effect that no bill should embrace more than one subject, which should be expressed in its title. This case cites and differentiates the decision in the Tieman case on the ground that the Bastardy Law of Washington, under the holding of its Supreme Court, was in truth a civil proceeding. Both cases—the Tieman case expressly, and the Brandner case by implication—hold that the incorporation of a statute providing for proceedings of a purely civil nature in a Code devoted to criminal proceedings, and enacted under a title embracing only criminal subjects or objects, is repugnant to the paramount law of these jurisdictions.

These decisions, so far as they determine the classification of a bastardy statute as related to the title under which a Code of Criminal Procedure was enacted, are of little, if any, aid in the determination of the question we are now considering. This is true because the character of the proceedings provided by our own statute seems to us to be foreclosed by the Minnesota decisions. Under the authority of the

Tieman and Brandner cases, if the rights and remedies created and conferred by our statute, and the proceedings thereunder, are of a civil nature, there would seem to be no escape from holding the statute unconstitutional as violative of our mandatory constitutional provision that every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. The gravity of the consequences following such a determination, the respect we owe to the law-making power as a co-ordinate branch of the government equally bound with us to obey the law, and the necessity of upholding all enactments of that power where it is possible so to do admonish us that every avenue of escape from the conclusion of invalidity must be explored before pronouncing such determination.

We therefore inquire whether the embodiment of this statute in the Penal Code in anywise shows the implied legislative intent to adopt the Minnesota construction not to have existed, or, at least, whether by such incorporation a purpose was evinced to so far modify such construction as to place the statute in harmony with the other enactments of the Penal Code, so that the statute may be upheld.

The Penal Code of this state is divided into three parts. Part 1 relates to crimes and punishments, part 2 to criminal procedure, and part 3 to prisons and jails. The bastardy statute is included in part 1, and an inspection of the titles of that part of the Code (20 in number) discloses that, with the exception of title 10 (the Bastardy Act), the general scope and purpose thereof is to define and denounce certain acts and omissions as criminal offenses, and to provide appropriate punishments therefor by way of fine and imprisonment. The bastardy statute does not in terms prohibit or denounce any act or omission as a

crime, nor purport to authorize the punishment of any person as a criminal offender.

With few exceptions, unimportant to be noted, the provisions of part 2 of the Penal Code are concerned with the procedure to be had in criminal prosecutions. None of the provisions of this part of the Code have any pertinency to a proceeding under the bastardy statute, there being secured to the accused in such proceeding none of the guaranties provided by our Constitution or by the Code itself in favor of those charged with criminal offenses.

We have already seen that the right of appeal from the judgment of the superior court is secured to the defendant in proceedings prosecuted only by indictment or information (section 1151, Penal Code), and that therefore the defendant in this case may under no provision of the Penal Code bring the judgment and order of the court below to this court for revision. Article 2, section 30, of the Constitution provides that no person shall be prosecuted criminally in any court of record for felony or misdemeanor otherwise than by information or indictment. And by section 24 of the same article it is provided that in criminal prosecutions the accused shall have the right to appeal in all cases. This failure to secure to the defendant in a bastardy proceeding any of the rights accorded by the Constitution or the Penal Code to those charged with the crime, and the other attributes of the proceedings adverted to, make it plain that the Bastardy Law does not provide for criminal proceedings as such, and could not have been intended so to provide. Whether the confinement of the defendant under the terms of this act for failure to furnish the recognizance, upon being held to answer to the complaint by the justice of the peace, or by the superior court upon failure to pay or to secure payment of moneys as required by the order of the court upon or after

final judgment, where such failure is not due to contumacy, but merely to the actual inability of the defendant to comply, could be in any event properly authorized, may be doubted.  See *State* v. *Reese,* 43 Utah, 447, 135 Pac. 270.

Disregarding, therefore, mere forms and nomenclature, and looking to the substance of the rights and remedies conferred by the statute, it will be seen that the only feature of the bastardy statute which may be supposed to bring it within the category of criminal proceedings is contained in those sections thereof which authorize the imprisonment of the accused upon failure to give the recognizance required by law for his appearance to answer the charge in the superior court, or failure to comply with the orders of the superior court upon or after final judgment of conviction.  It is evident that the imprisonment to which the putative father may thus be subjected is not referable to the proceeding as one authorized to be brought under the criminal laws of this state for the punishment of a crime or offense, and that the sole reason and warrant for including what is manifestly a civil proceeding in the Penal Code, incongruously to the other terms and provisions of that Code, must be based upon the single feature of the formally conferred authority to imprison the accused as an incident to the enforcement of a purely civil obligation, the actual legal existence of that authority being, as we have seen, in some doubt if the failure of the accused to comply with the order of the court be other than contumacious.  It follows that the incorporation of the Bastardy Law in the Penal Code can by no stretch of construction be held to have affected or modified its essential attributes as fixed by the Minnesota decisions, but rather that the divergencies of the Bastardy Law from laws concerned with the definition of acts and omissions as

crimes, and providing the procedure for the prevention and punishment thereof, have been only the more emphasized by the manifest incongruity of the Bastardy Law therewith.

It seems incontrovertible, therefore, that the Bastardy Act, viewed as a whole, is an attempted authorization of proceedings against the father of a bastard child to enforce the natural obligation he is under to support and provide for his illegitimate offspring, and that the infliction upon him of a punishment for the act of begetting such child, or for failure to comply with any order of the court made in such proceeding as for a criminal offense, is not the purpose of the statute, nor is such its effect; that in such proceedings proof of the guilt of the putative father is not required to be made beyond a reasonable doubt, but may be shown by a mere preponderance of the evidence; that the failure of the defendant to take the stand in his own behalf may be commented upon by the county attorney as in civil actions; that the sufficiency of the complaint is to be determined by the rules applicable to civil causes; that the testimony of the prosecutrix need not be corroborated by other evidence; that no act or omission of the defendant is by such act denounced, defined nor made punishable as a crime, and that the provisions of our Constitution and statutes in favor of persons accused of crime cannot be extended to the case of the defendant in a bastardy proceeding, but that, on the contrary, there are expressly withheld from him the specific constitutional guaranties to an accused person in a criminal case of the right to appeal from a judgment against him, and the right also to be prosecuted by indictment or information under the procedure established by the Penal Code.

We are therefore compelled to hold that title 10, part 1, of our Penal Code, denominated ''Bastards,''

is, because of the rights and remedies it attempts to create, and in its incidents, attributes, and consequences, manifestly a civil proceeding; that its character as such renders it inconsistent with the title of the Penal Code, both as tested by the language and meaning of the title itself and by the remaining provisions of the Penal Code incongruous with the bastardy statute; that the incorporation of the Bastardy Law in such Code under the title, "An act to establish a Penal Code," is so clearly and unmistakably a violation of section 13, part 2, article 4, of the constitution, as embracing within the title quoted a subject, and matters connected therewith, not expressed in the title, as renders the bastardy statute void.

The appeal is therefore dismissed for lack of jurisdiction.

ROSS, C. J., and McALISTER, J., concur.