## STATE v. FIDELITY & DEPOSIT COMPANY OF MARYLAND AND ANOTHER.[1]

' March 16, 1923.

No. 23,265.

**Answer stricken and judgment granted on pleadings.**

Trial court was right in striking out as sham a general denial in the answer to an action on a bond, and ordering judgment on the pleadings as asked in the complaint. [Reporter.]

Action in the district court for Hennepin county against Jack Kelly and the surety on his bond to recover $300 and interest. From an order, Montgomery, J., granting plaintiff's motion, defendants appealed. Affirmed.

*John F. Kelly,* for appellants.

*Clifford L. Hilton,* Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

PER CURIAM.

The Bastardy Act of this state was held to be valid in State v. Becht, 23 Minn. 1. Chapter 489, p. 829, Laws of 1921, amends that act as to the procedure in carrying out the general purpose of the law. The defendant Kelly pleaded guilty to a complaint duly pending in the district court of Hennepin county, charging him with being the father of an illegitimate child born unto an unmarried woman in that county. Whereupon the court made and entered a decree requiring him to pay to the Hennepin County Child Welfare Board $75 to cover the lying-in expenses of the mother and $20 per month from November 3, 1921, until the further order of the court, for the maintenance of the child, and further to furnish to the state a bond

[1]Reported in 192 N. W. 498.

with good and sufficient sureties, to secure the faithful compliance with such order. The bond, a copy of which is set forth in the complaint, was furnished pursuant to the order and duly approved. It is a legal and binding obligation on the part of the father, based upon a valid consideration, to contribute to the support of his child. He has failed to make any payments provided for in the order or bond and is wholly in default thereon.

The cause of action set forth in the complaint is based solely upon the bond and the default. The answer contains a general denial coupled with an attempt to plead a number of matters in avoidance of the obligation contained in the bond. It is quite apparent upon the face of the answer that the bond set forth in the complaint was executed in accordance with the order of the court as above stated. Upon motion of the plaintiff, the trial court made and filed an order striking the general denial from the answer as sham and frivolous and ordering judgment on the pleadings as asked for in the complaint. From such order this appeal was taken.

The printed record does not contain a correct transcript of the pleadings and proceedings had in the court below, but, from a reading of the original pleadings and files, we are of the opinion that the learned trial court was right in striking out the general denial and in directing judgment upon the pleadings, as they then stood, in favor of the plaintiff as asked for in its complaint.

Affirmed.