## STATE v. NORMAN OVERBY.[1]

October 29, 1948.

No. 34,603.

[1]Reported in 34 N. W. (2d) 355.

112

*Burton R. Sawyer,* for appellant.
*Milton I. Holst,* County Attorney, for the State.

LORING, CHIEF JUSTICE.

This is an appeal by defendant below, Norman Overby, from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial in a suit to determine the paternity of a male child born August 30, 1946, to complainant.

The mother filed a complaint December 10, 1946, that Overby was the father of the child. Trial by jury resulted in a finding that he was the father.

The mother of the child, Betty Perret, an unmarried woman, aged 21, living with her parents, was accustomed to go alone to a tavern or night club called the Trianon, about 15 miles from her home at Wanamingo, Minnesota. She went there or to other drinking places unaccompanied, or with her sister, expecting to get a ride home with someone. Defendant had taken her home on a number of occasions, at times on her request. She testified that she had been with defendant on two Saturday nights: December 22, 1945, at the hotel at Zumbrota, and December 29, 1945, when defendant's car slipped into a ditch, on which occasions she claimed to have had sexual intercourse with defendant.

The only question for consideration is whether the verdict is sustained by a fair preponderance of the evidence.

The burden of proof in a paternity suit, which is in the nature of a civil action, rests upon the state to prove its case by a fair preponderance of the evidence. State v. McCullough, 102 Minn. 419, 113 N. W. 1059; State v. Ahrens, 173 Minn. 294, 217 N. W. 118. Cf. State v. Nelson, 221 Minn. 569, 22 N. W. (2d) 681; State v. Drescher, 219 Minn. 146, 17 N. W. (2d) 160.

Defendant denies having been with Betty on or about either alleged date and denies having had sexual intercourse with her at any time. As to the two occasions claimed by Betty, his testimony

is supported by witnesses. Defendant produced two apparently disinterested witnesses, who testified that, while he was at the dance hall on December 22, 1945, he was at no time seen with the complainant on that night. This was the first date intercourse was alleged to have occurred. The register of the hotel at Zumbrota shows no entry of his having registered there that night. Complainant's assertion that they went there is wholly without corroborating evidence.

Complainant testified that on December 29, 1945, she and defendant went into the ditch accidentally while in defendant's car. This testimony was contradicted by a witness who pulled defendant's car out of the ditch. This witness asserted that the incident occurred sometime after January 1, 1946, and he fixed the time by the fact that he was enabled to pull the car out of the ditch onto the slippery road because he had two new tires for his car which he had acquired after tire rationing was lifted on January 1. This date would have been after conception must have taken place, according to the medical testimony. Defendant flatly denied having taken Betty home from the Trianon on December 29, 1945, or having intercourse with her in the car that night. He was corroborated by a witness who spent the night with him at Zumbrota. The register of the hotel at Zumbrota showed that he was registered there that night.

Complainant produced no evidence to corroborate her testimony that defendant was at any time alone with her during the conception period. Her case rested upon her assertions of intercourse upon two specific dates within the conception period. Where, as here, the evidence preponderates against the state as to the two occasions upon which complainant rests the paternity of her child, there is failure on the part of the state to sustain the burden of proof. State v. Ryan, 78 Minn. 218, 220, 80 N. W. 962, 963; State v. Nelson, 221 Minn. 569, 576, 22 N. W. (2d) 681. 684. There must be a new trial.

Reversed.

Mr. Justice Peterson took no part in the consideration or decision of this case.