[Criminal No. 945.   Filed October 2, 1944.]

[151 Pac. (2d) 983.]

THE STATE OF ARIZONA, Appellant, v. HORACE NERINI, Appellee.

504

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, Mr. James A. Walsh, County Attorney, and Mr. R. H. Renaud, Deputy County Attorney, for Appellant.

Mr. Wm. P. Lutfy, for Appellee.

McALISTER, C. J.—The defendant, Horace Nerini, was by a proper complaint accused of "Bastardy" in the Justice Court of East Phoenix Precinct and after· certain proceedings had there the cause was sent up to the superior court of Maricopa

County. In that court the defendant moved to quash the complaint

" . . . upon the ground and for the reason that it appears upon the face of said complaint that the publice offense or cause of action alleged therein is barred by the statute of limitations."

Appended to this motion is a memorandum seeking to invoke Section 44–1121, Arizona Code Annotated 1939, on the theory that the action is in the nature of a misdemeanor and, therefore, barred after one year. He seeks also to invoke Sec. 27–402, Arizona Code Annotated 1939, providing a one year limitation on actions to establish parentage of a child born out of wedlock.

Thereafter the superior court arraigned defendant and entered his plea of not guilty. It further ordered that the motion to dismiss and quash the complaint be reserved until the time of trial. Thereafter the trial was vacated and the county attorney and attorney for defendant requested the court to certify the matter to the supreme court and such order was made, but on November 4, 1943, the court vacated this order and entered the following one:

"It is ordered the defendant's motion to quash the complaint is granted."

The state, by the county attorney, appealed and the matter is now before this court.

In its appeal the state assigns three reasons why the court erred in quashing or dismissing the complaint:

"(a) No statute of limitations bars proceedings in 'Bastardy.'

"(b) 'Bastardy' is not a felony, or a misdemeanor.

"(c) The statute, Section 27–402, Arizona Code 1939, providing for a civil action to establish parentage, and fixing a limitation of one year, does not apply to proceedings in 'Bastardy.' "

■ Proceedings in bastardy are civil and purely statutory. In *Skaggs* v. *State,* 24 Ariz. 191, 207 Pac. 877, 880, the court had this to say of such a proceeding:

"It seems incontrovertible, therefore, that the Bastardy Act, viewed as a whole, is an attempted authorization of proceedings against the father of a bastard child to enforce the natural obligation he is under to support and provide for his illegitimate offspring, and that the infliction upon him of a punishment for the act of begetting such child, or for failure to comply with any order of the court made in such proceeding as for a criminal offense, is not the purpose of the statute, nor is such its effect; that in such proceedings proof of the guilt of the putative father is not required to be made beyond a reasonable doubt, but may be shown by a mere preponderance of the evidence; that the failure of the defendant to take the stand in his own behalf may be commented upon by the county attorney as in civil actions; that the sufficiency of the complaint is to be determined by the rules applicable to civil causes; that the testimony of the prosecutrix need not be corroborated by other evidence; that no act or omission of the defendant is by such act denounced, defined nor made punishable as a crime, and that the provisions of our Constitution and statutes in favor of persons accused of crime cannot be extended to the case of the defendant in a bastardy proceeding, but that, on the contrary, there are expressly withheld from him the specific constitutional guaranties to an accused person in a criminal case of the right to appeal from a judgment against him, and the right also to be prosecuted by indictment or information under the procedure established by the Penal Code."

.■ It was held in that case that the bastardy statute was invalid because it was incorporated in the Penal Code when it dealt only with a civil proceeding. The legislature, following this decision, re-enacted the bastardy statute, Chap. 72, Session Laws

1923, and the same now appears as Sections 27–405 to 27–415, Arizona Code Annotated 1939. Sections 27–405 and 27–406, read as follows:

"*Bastardy proceedings—Complaint—Warrant.*—On complaint being made to a justice of the peace by a woman who is delivered of a child born out of lawful wedlock, or pregnant with such child, accusing any person of being the father of such child, the justice shall take the complaint in writing, under her oath, and thereupon shall issue his warrant of arrest directed to the sheriff or any constable of his county, or of the state commanding him forthwith to bring such accused person before him to answer such complaint."

"*Docketing action and examination.*—The justice shall enter an action in his docket, in which the state shall be plaintiff, and the accused defendant, and shall make such other entries as in criminal actions. On the return of the warrant with the accused, the justice shall examine under oath the complainant, and such other witnesses as may be produced by the parties, respecting the complaint, and shall reduce such examination to writing."

The remainder of the article on bastardy, down to and including sec. 27–415, deals with different phases of such a proceeding, but it will be observed the above sections and the remaining sections of this article do not limit the time in which proceedings of that character may be instituted. The statute is entirely free from any bar of this kind, and indeed there should not be, for the obligation of a father to support his child, whether legitimate or illegitimate, is a continuing duty against which limitation will not run during the time the child needs such care and support. We cannot conceive that the legislature ever intended to limit the time in which such proceedings could be instituted and prosecuted.

In *Denham* v. *Watson,* 24 Neb. 779, 40 N. W. 308, 309, which was a proceeding under the bastardy act of that state, the court said:

" . . . When, however, the fact of the paternity of the child is satisfactorily proved to charge the putative father, the statute of limitations will not run against a claim for its support during the time it requires the mother's care. The expenses in such case being continuous, the father must provide for them. In other words, he must support his own child, and the statute will not bar such claims."

To the same effect see: *Fernandez* v. *Aburrea*, 42 Cal. App. 131, 183 Pac. 366; *State* v. *Pickering*, 29 S. D. 207, 136 N. W. 105, 40 L. R. A. (N. S.) 144; *Keniston* v. *Rowe*, 16 Me. 38; *Wheelwright* v. *Greer*, 10 Allen, Mass., 389.

It is true that Sec. 27–402, Arizona Code Annotated 1939, provides that the mother of a child born out of lawful wedlock may bring action to establish the parentage of the child within one year from its birth. This legislation was passed in 1921, before the bastardy act was declared invalid by the court, and it provides merely for the establishment of the parentage of the child and makes no provision for its support. Such an action must be brought within one year. But that is not a proceeding in bastardy. This Section (27–402) ends with this sentence:

" . . . Such action shall be deemed cumulative to the remedies provided in the subsequent sections of this chapter (article)."

The word "cumulative," as used here, means an additional remedy to those provided in the subsequent sections of the bastardy statute. The fact that Sec. 27–402, provides that an action to establish the parentage of a child born out of lawful wedlock may be brought within one year from the birth of the child, does not mean that any proceeding in the subsequent sections of the bastardy statute must be brought within one year also. An action to establish parentage and one to prove parentage and compel support of the child by the father are by no means the same.

█ The defendant also claims that a bastardy proceeding is *quasi* criminal in its nature and, therefore, the limitation in Sec. 44–1121, Arizona Code Annotated 1939, providing that the complaint or information charging a misdemeanor must be filed within a year from the commission of the offense, applies. A proceeding in bastardy is a civil action and the limitation providing for a misdemeanor has no application. *Skaggs* v. *State, supra.*

█ The defendant claims further that the superior court is without jurisdiction to review this case, because the complaint originated in the justice court and Sec. 44–2507, Arizona Code Annotated 1939, provides:

"*Cases appealed to superior court reviewable by Supreme Court.*—An appeal may be taken by the defendant from a final judgment of the superior court in a case appealed from a justice, police or recorder's court if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute. Except as provided in this section there shall be no appeal from the judgment of the superior court rendered in a case appealed from a justice, police or recorder's court."

There was no appeal to the superior court in this case by either party. It was sent there, we take it, in compliance with Sec. 27–408, Arizona Code Annotated 1939, which provides:

"*Recognizance and certification to superior court.*— If the defendant does not comply with the provisions of the preceding section, and there is probable cause to believe him guilty as charged in the complaint, the justice shall require him to enter into a recognizance with sureties approved by the justice, in a sum not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000), to appear before the superior court of the county and answer said complaint and abide the order of such court thereon. If he fails to give such recognizance, the justice shall commit him to the county jail, there to be held to

answer to such complaint. Thereupon the justice shall certify the examination, and return the same, and all process and papers in the case to the clerk of such court.''

The case was started in the justice court and if the defendant had complied with the findings of the justice, by paying the complainant such sum of money or property as she agreed to receive in full satisfaction, the case would have ended there. But evidently he did not agree to do this, so it was the duty of the justice to require of him a bond to indemnify the county against all charges for maintenance, discharge defendant and send the bond and all the papers to the superior court where the matter could be tried out. The record is silent, but we take it that he did not agree to do this and it reached the superior court in this manner. In other words, the action started in the justice court, but was finished in the superior court. No appeal was taken from the justice to the superior court; it was merely completed in the superior court.

The defendant further contends that under the Skaggs case, the supreme court has no jurisdiction; that there is no appeal from the superior court to the supreme court, and that the judgment of the superior court is final in this kind of a case. The bastardy statute itself is silent on the question of an appeal by either party. It does not say there shall or shall not be an appeal, but we are of the view that the general statute, Sec. 21–1702, Arizona Code Annotated 1939, reading:

''*Judgments and orders reviewable.*—An appeal may be taken to the Supreme Court from a superior court in the following cases:

''  . . .

''6. From a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.''

applies and that either side is entitled to appeal to the supreme court from a judgment of the superior court affecting a substantial right made in a special proceeding and this action is undoubtedly a special proceeding.

The judgment of the lower court is reversed and the case is reinstated with instructions to proceed to trial.

ROSS and STANFORD, JJ., concur.