**RADIO CORPORATION OF AMERICA,**
**Plaintiff-Counter-Defendant,**

v.

**The RAULAND CORPORATION and Zenith Radio Corporation, Defendants-Counter-Claimants.**

**ZENITH RADIO CORPORATION and The Rauland Corporation, Cross-Claimants,**

v.

**RADIO CORPORATION OF AMERICA, General Electric Company, and Western Electric Company, Inc., Cross-Defendants.**

**No. 48 C 1818.**

United States District Court
N. D. Illinois, E. D.
May 23, 1957.

See, also, 18 F.R.D. 440.

---

2. D.C.E.D.Pa.1946, 6 F.R.D. 21.

3. 1949, 177 F.2d 971.

**114**

Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., for R.C.A.

Thomas C. McConnell, Chicago, Ill., for Zenith.

Hamilton K. Beebe, Herman L. Taylor, Cyrus Mead, III, Chicago, Ill., Thos. Thacher, Simpson, Thacher & Bartlett, New York City, for General Electric.

Sidley, Austin, Burgess & Smith, Chicago, Ill., for Westinghouse.

Joseph S. Wright, Chicago, Ill., for Rauland Corp. and Zenith.

IGOE, District Judge.

There are pending motions to suppress the depositions of the witnesses Steen, Broberg and Noren, as well as a motion for the production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. They have been argued and counsel for both sides have presented very elaborate affidavits and statements of position.

As to the motion for production of documents, sought by RCA, counsel for Zenith have assured the court that except for some documents which are being made available for inspection, and others which will be made available in connection with the answers to interrogatories, the documents called for have already been produced, to the extent they are available, and have supported this with affidavits. On this showing, the entry of an order would be an empty gesture.

RCA has also moved to suppress the depositions of the witnesses Broberg and Noren, "or in the alternative for an order authorizing RCA to re-examine the witnesses Nygren, Carajo, Broberg and Noren." The grounds asserted are the failure of the witnesses Nygren and Carajo (called by RCA) to produce documents necessary to the cross-examination of the witnesses Broberg and Noren (called by Zenith). The Steen deposition is said to have been taken by Zenith on insufficient notice to RCA.

From the affidavits of Messrs. Sokolow and Curtis, it appears that written notice of the Steen deposition was served on counsel for RCA in Oslo, Norway, on February 27, 1957, where counsel for both sides were then engaged in taking depositions in this case. The notice called for the appearance of Steen on the next day, February 28, 1957. Counsel for RCA called counsel for Zenith at about 6:00 p.m. on February 27, and protested the short notice, saying that he would not attend. He did not attend, although he and his associates were in Oslo at a place nearby the American Em-

bassy where the deposition of Steen was taken.

The Federal rules do not specify any minimum notice of the taking of depositions, and the court must determine in any case what is reasonable under all of the circumstances. In this case, counsel were all in Oslo for the taking of the foreign depositions, and it was apparently understood that Zenith was to proceed with its depositions at the time. Under these circumstances it is not clear that the notice was unreasonably short. Certainly there appears to have been no justification for counsel deliberately staying away from the proceedings in order to prevent any taking of the deposition. The motion to suppress the Steen deposition is denied.

RCA moves to suppress the Broberg and Noren depositions, not because of any irregularity in the notice or taking of those depositions, but because it is claimed that the refusal of the witnesses Nygren and Carajo to produce documents relating to the approval of Zenith sets by SEMKO, an organization which has to do with electrical standards in Sweden, prevented adequate cross-examination of Broberg and Noren.

From the conflicting affidavits of Messrs. Sokolow and Curtis, it appears that Zenith radios were approved by SEMKO prior to 1939 but that no tests have been made on them since. SEMKO witnesses refused to produce records relating to the pre-1939 Zenith approval without Zenith's consent. Zenith attorneys consented, subject to the production of similar records regarding approval of RCA sets. This consent by Zenith was withdrawn, and the documents were not produced, when it appeared that similar records relating to RCA could not be located.

According to the testimony, as set forth in the affidavits, the records of SEMKO were incomplete and it would be "fantastic work" to locate the requested records. Apparently the requests for document production were not made in the subpoenas to the witnesses, but were made informally a few days prior to the hearing.

On the basis of these facts the court is asked to suppress the testimony of two other witnesses, who apparently had no connection with SEMKO, but who testified that they had sold Zenith radios, which had been approved by SEMKO.

The motion to suppress the Broberg and Noren depositions is denied, as is also the motion for alternative relief in the form of permission to go back to Sweden for the purpose of re-examining Broberg, Noren, Nyberg and Carajo. To follow the latter course would be to disrupt completely the schedule which this court has already laid down for the commencement of the trial of this action on June 17.