326 P.2d 362

Preston McGUIRE, Appellant,

v.

STATE of Arizona, Appellee.

No. 6391.

Supreme Court of Arizona.

June 4, 1958.

John M. Levy, Phoenix, Emmett R. Feighner, Phoenix, of counsel, for appellant.

Charles C. Stidham, County Atty., and Vincent D. Maggiore, Deputy County Atty., Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the Maricopa county superior court decreeing, in substance, that appellant (hereinafter called defendant) is the father of an unborn child of Doris Burton, prosecutrix, and providing for the expense of lying-in and for the maintenance of such child after birth. The action was brought and proceedings had under the provisions of sections 27–405 to 27–415, A.C.A.1939, now A.R.S. §§ 12–

841 to 12–851. The cause was tried to a jury which returned a verdict of guilty. Judgment was entered upon this verdict from which this appeal is prosecuted.

◼ Defendant first assigns as error the giving by the court of the following instruction:

"In the absence of a statute requiring corroboration, which is the situation here, the jury may find that the defendant is the father of the child on the sole testimony of the mother, provided that such testimony is credible."

Because paternity proceedings are statutory and civil in nature, normally no corroboration of the testimony of the child's mother as to paternity is necessary. Rightmire v. Sweat, 83 Ariz. 2, 315 P.2d 659. As further support for the correctness of the instruction see Annotation, 1 A.L.R. 635. Defendant cites a number of Minnesota cases as authority for a rule to the contrary. He then cites Skaggs v. State, 24 Ariz. 191, 207 P. 877, 879, as authority for the fact that we took our bastardy statute from Minnesota and that we took it with the interpretation theretofore given to it by the Supreme Court of Minnesota. This court made a statement to that effect in the Skaggs case, but it also stated that the Minnesota court had held " * * * that the testimony of the complainant, the mother, need not be corroborated by other evidence * * *."

◼ The second assignment of error is based upon the court's denial of defendant's motion for a new trial based upon the ground that (a) the evidence was insufficient to support the verdict; (b) it was error to give the instruction above; and (c) the evidence disclosed the prosecutrix had sexual intercourse with persons other than the defendant in October and November of 1955, the period during which the child was conceived. There is ample evidence, without dispute, that defendant engaged in acts of sexual intercourse with prosecutrix over a considerable period of time. The only conflict on this point is as to the frequency. Prosecutrix said that after July 1955 it occurred two or three times a week and sometimes three or four times a week up until March 1956. Defendant testified that he only had sexual intercourse with prosecutrix nine or ten times and that he did not have intercourse with her in November because they were at "outs" in November.

Mrs. Mills, a registered nurse connected with the Maricopa county school system with whom prosecutrix had lived since May of that year and to whom prosecutrix had told of her condition, testified that defendant had called prosecutrix at her home daily during the months of September, October, November and December, and sometimes more than once during the day.

Defendant put on three witnesses who stated that they were his friends. Each testified that he had had sexual intercourse with the prosecutrix in either October or November or in both of those months. The prosecutrix testified that she had never had sexual relations with any of them and that she had never seen one of them before that day in court. The prosecutrix further testified that defendant arranged for him and her to see a doctor in Nogales, Sonora about an abortion early in January 1956; that they drove down to see the doctor but decided against having it performed because prosecutrix would have had to remain in a hospital there for a few days. With respect to this matter Mrs. Mills testified that defendant and the prosecutrix came into her living room one evening early in January and that defendant was carrying prosecutrix' suitcase. She testified that on that occasion he told her that they had been to Nogales but that they didn't have the abortion performed because prosecutrix would have had to go into a hospital there. On the witness stand defendant denied that he had ever gone to Nogales with prosecutrix or that he had ever arranged with a doctor there to see him and her concerning an abortion. He also denied that he ever talked to Mrs. Mills about such a contemplated abortion.

Mrs. Mills further testified that no man other than the defendant ever called prosecutrix over the phone at her house during the period prosecutrix lived at her house; that defendant did call her frequently, as above stated; that defendant had been personally calling on prosecutrix four or five times a week; that she (Mrs. Mills) had invited him to dinner and cards one evening in October; and that on another occasion defendant took her and prosecutrix out to dinner. The testimony on all material issues was in conflict. The jury had the right to disbelieve the witnesses who claimed that they had had sexual intercourse with prosecutrix just at the period when it was claimed that the child had been conceived. The judge, when denying defendant's motion for a new trial, may have based his ruling upon the belief that neither the testimony of the defendant nor that of the witnesses who testified as to their sexual relations with prosecutrix was worthy of credibility. An examination of all of the evidence in the case, we believe, furnishes ample justification for denying said motion, and we so hold. We further hold that there was sufficient evidence presented to justify the verdict reached by the jury. Therefore there is no merit to defendant's assignment of error No. 2.

Assignment of error No. 5, which is based upon the ground of the insufficiency of the evidence to sustain the verdict, is likewise without merit.

Assignment of error No. 3 is directed at the court's denial of the defend-

246

ant's motion for a new trial in which he asked for a new trial because of newly discovered evidence, to wit: that defendant was sterile and incapable of begetting a child. Counsel for defendant, by affidavits in support of his motion for a new trial, say that they, as attorneys for defendant, did not learn of the possible sterility of defendant until late afternoon of the day immediately preceding trial; that this information was given to them by defendant, but not earlier; and that they could not get expert witnesses to testify upon the subject because of the early trial. No motion was made by defense counsel for a continuance upon that ground or upon any other ground. If the evidence was within the knowledge of defendant prior to trial, as the evidence clearly shows it was, he is not entitled to invoke the provisions of Rule 59(a), subdivision 4, of the Rules of Civil Procedure, 16 A.R.S. The evidence in this case upon which defendant relies to support his motion for a new trial is not newly discovered evidence at all. It was known to defendant during the period when he was having sexual relations with the prosecutrix. According to her testimony, he told her that he was sterile. This was not denied by him. He may not now claim that such evidence is newly discovered.

Assignment of error No. 4 is directed at the amounts allowed by the court for lying-in and for maintenance of the infant child after birth. It will be observed from reading A.R.S. § 12–845, subdivisions A and B thereof, that the statute expressly limits the function of the jury to that of finding the defendant "guilty" or "not guilty". The amount to be paid by defendant for lying-in and maintenance is to be determined by the trial judge exclusively. It would have been error if the court had submitted that issue to the jury. The records disclose that the verdict was filed on June 6, 1956. Motion for new trial was denied and the court then set the following Monday at 10 a. m. as the time for fixing support money. On August 6 the court entered its judgment fixing the amounts to be paid to prosecutrix for lying-in and for maintenance of the child. Defendant and his counsel were both present. The record discloses no objection to these amounts in the court below. Hence, assignment of error No. 4 is without merit here.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.