399 P.2d 116

STATE of Arizona, Appellant,

v.

Augustin MEJIA, Appellee.

No. 1363.

Supreme Court of Arizona.

En Banc.

Feb. 11, 1965.

216

Richard J. Riley, County Atty. and Dale Fenter, Deputy County Atty., Cochise County, for appellant.

Ramon R. Alvarez, Douglas, for appellee on appeal only.

UDALL, Justice.

This is an appeal by the State from an order of the Superior Court of Cochise County granting defendant's motion for a new trial in a paternity action.

The prosecutrix gave birth to a child January 13, 1960, and on July 20, 1962, this action was begun by the filing of a complaint as provided by A.R.S. § 12–841. The evidence at the trial of this matter consisted primarily of the testimony of prosecutrix as follows: She testified that she and defendant were never married to each other; however, they had dated and engaged in sexual intercourse during the years 1956, '57 and '58. In 1959 they had sexual relations almost every day up until April 13, the day the child was allegedly conceived. She denied having relations with anyone else during this period. The baby was delivered by Dr. Goff and prosecutrix testified defendant paid five dollars toward his fee for the same. She further testified that when the child was small defendant took her to his home on occasions and also bought milk for her. She maintained that she and defendant continued dating for a year and a half after the birth and he gave her five or seven dollars every fifteen days. It was brought out that she and defendant lived together in 1957, and although she resided with her father in 1958

and 1959, defendant visited her almost every day and they engaged in intercourse.

On cross-examination prosecutrix admitted that she was a married woman. She maintained the marriage took place in 1954 when she was fifteen years old, that she had no children by her husband and had not seen him in several years. She specifically testified she did not see him during the months of March, April and May of 1959 and did not know his whereabouts.

The case was submitted to a jury which returned a verdict of guilty. Defendant moved for a new trial which was granted. In granting this motion the court set forth five grounds upon which the decision was based; three of which concerned the presumption of law that a child born during wedlock is presumed to be the child of the husband. In the charge to the jury no instruction had been requested nor given regarding this presumption. It is from the order granting the new trial that the State appeals.

At the outset it should be noted that Arizona has eliminated the status of illegitimacy by the enactment of A.R.S. § 14–206 which sets forth that, "Every child is the legitimate child of its natural parents * *." The cases and authorities cited herein, referring to illegitimacy or bastardy, are applicable as referring to a child born of a married woman, the father of which child is alleged to be someone other than her hus-

band. This is the allegation of the State in the case at bar.

We have said many times that the trial court has wide discretion in the granting of a new trial. Only in those cases where it appears that there has been an abuse of discretion will a new trial order be reversed. Moreover, this Court is more reluctant to reverse an order granting a new trial than one denying a new trial. E. g., Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557.

The first reason set forth by the trial court in granting a new trial is as follows:

"(1) Failure of the Court to instruct the jury on the presumption of law that a child born during wedlock is presumed to be the child of the husband."

The admission by the prosecutrix that she was married both at the time the child was conceived and when it was born gave rise to the strong presumption that her husband was the father of her child. Usually referred to as the presumption of "legitimacy", it is universally recognized. Some jurisdictions have enacted statutes requiring its recognition, but in all others the courts themselves have found it to exist. As stated in 10 Am.Jur.2d, Bastards § 12:

"The presumption of legitimacy arising from birth in wedlock supports the rule that, ordinarily, if a husband had access to his wife so that by the laws of nature he could be the father of a child born in wedlock, it must be presumed to be his. Furthermore, access between husband and wife is presumed until the contrary is plainly proved."

In Helton v. Industrial Commission, 85 Ariz. 276, 278, 336 P.2d 852, this Court reiterated its approval of the sections of the American Law Institute, Model Code of Evidence dealing with presumptions generally. It is to be noted, however, that the presumption of "legitimacy" is set apart and dealt with separately. Id. § 703. As the editors of the Model Code stated, "Strong reasons of policy require that a child born in wedlock be treated as legitimate; therefore the clearest proof of illegitimacy should be necessary." Id., Comment to § 703. While we agree with the philosophy of this section we do not agree that the party opposing the presumption must produce evidence so as to persuade the triers of the fact beyond a reasonable doubt. We agree with the majority of the jurisdictions which place the burden on the party opposing the presumption to rebut it by clear and convincing evidence. E. g., State ex rel. Walker v. Clark, 144 Ohio St. 305, 58 N.E. 2d 773; see also 10 Am.Jur.2d, Bastards § 20, and cases collected in the annotation, 128 A.L.R. 713.

In previous decisions of this Court it has been established that paternity actions are civil in nature and the burden is upon the State to prove defendant's guilt by a pre-

ponderance of the evidence. McGuire v. State, 84 Ariz. 242, 326 P.2d 362; State v. Nerini, 61 Ariz. 503, 151 P.2d 983; Skaggs v. State, 24 Ariz. 191, 207 P. 877.

█ In these cases the prosecutrix was unmarried and therefore the presumption was not involved. The law set forth therein is applicable in the instant case to the quantum of evidence necessary for a finding that defendant is guilty as charged; however, where the access of a husband is in issue the jury must be instructed that before considering this matter they must first determine if the State has proved by clear and convincing evidence that the husband of the prosecutrix did not have access—that is, an opportunity for sexual intercourse—at or about the time the child was conceived. Only if the jury found that the State had made such a showing could they then consider the ultimate question of whether the State had proved by a preponderance of the evidence that defendant was the father of the child.

The record in this case indicates that the only evidence rebutting the presumption is the testimony of the prosecutrix that she had not seen her husband for several years, and specifically, that she had not seen him in March, April or May of 1959.

█ Therefore, under the circumstances of this case it was incumbent upon the trial court to instruct the jury regarding the existence and nature of the presumption, and that before deciding the ultimate question of defendant's guilt they must first determine if the State had proved non-access by clear and convincing evidence. If they did not find the State had sustained this burden their verdict must be not guilty. If they found such a showing had been made, then it was their duty to determine if the State had proved by the preponderance of all the evidence that defendant was the natural father of prosecurtix's child. See State ex rel. Walker v. Clark, supra, 144 Ohio State at 314, 58 N.E.2d at 777.

The State maintains that instructions regarding the presumption were unnecessary because of defendant's failure to request the same. In Tipton v. Burson, 73 Ariz. 144, 150, 238 P.2d 1098, 1102, this Court clarified some earlier opinions and stated that it was not "the duty of the court on its own motion to take notice of all questions directly or collaterally involved and to instruct the jury thereon." We held, however, that as to a vital question it was the duty of the court to instruct the jury regarding the law on the subject, even in the absence of a request. Failure to do so constitutes fundamental and reversible error. See also, Southwest Cotton Co. v. Ryan, 22 Ariz. 520, 199 P. 124. In the instant case the lower court recognized that the presumption involved was a vital matter that should have been instructed upon and, accordingly, granted the motion for a new trial. We cannot disagree with this action.

In view of the above, the order of the lower court granting defendant's motion for a new trial on the first ground previously quoted herein, must be affirmed. It is therefore unnecessary to consider the other reasons. State v. White, 56 Ariz. 189, 191, 106 P.2d 508.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.