415 P.2d 487

The STATE of Arizona ex rel., Norman E. GREEN, County Attorney of Pima County, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and Lee Garrett, Presiding Judge, William Frey, Judge, and Ramon S. Vega, Respondents.

No. 2 CA–CIV 226.

Court of Appeals of Arizona.

June 14, 1966.

Norman E. Green, County Atty., by Arthur L. Meaker, Deputy County Atty., Tucson, for petitioner.

Thomas H. McKay, Tucson, for respondents.

MOLLOY, Judge.

By petition to this court, the State of Arizona, through the Pima County Attorney, seeks mandamus to compel the superior court, in and for Pima County, to re-set for immediate trial the case of State of Arizona v. Ramon S. Vega, No. 93727.

On June 9, 1964 a complaint was filed against Vega charging him with being the father of a child born out-of-wedlock to the complaining witness. On January 6, 1966, following a finding of probable cause, the defendant was ordered to appear before the superior court (A.R.S. § 12–844).

On January 28, the trial was set for July 15, 1966. Petitioner then moved to re-set the matter for trial in March, which motion was denied. Petitioner now seeks mandamus, contending that such paternity proceedings are clearly special proceedings of a summary nature and entitled to speedy setting for trial, that it was not so treated by the respondent-court, and that the court thereby abridged, enlarged or modified the substantive rights of the parties which it had no right to do.

■ It has repeatedly been held in this jurisdiction that paternity proceedings are civil in nature, and are subject to civil procedures. Skaggs v. State, 24 Ariz. 191, 207 P. 877 (1922); State of Arizona v. Nerini, 61 Ariz. 503, 151 P.2d 983 (1944); State v. Hicks, 69 Ariz. 208, 211 P.2d 473 (1949); McGuire v. State, 84 Ariz. 242, 326 P.2d 362 (1958); State v. Mejia, 97 Ariz. 215, 399 P.2d 116 (1965).

In State v. Nerini, 61 Ariz. 503, 151 P.2d 983 (1944), our Supreme Court said, at p. 506:

"Proceedings in bastardy are civil and purely statutory. In Skaggs v. State, 24 Ariz. 191, 207 P. 877, 880, the court had this to say of such a proceeding:

" 'It seems incontrovertible, therefore, that the Bastardy Act, viewed as a whole, is an attempted authorization of proceed-

ings against the father of a bastard child to enforce the natural obligation he is under to support and provide for his illegitimate offspring, and that the infliction upon him of a punishment for the act of begetting such child, or for failure to comply with any order of the court made in such proceeding as for a criminal offense, is not the purpose of the statute, nor is such its effect; that in such proceedings proof of the guilt of the putative father is not required to be made beyond a reasonable doubt, but may be shown by a mere preponderance of the evidence; that the failure of the defendant to take the stand in his own behalf may be commented upon by the county attorney as in civil actions; that the sufficiency of the complaint is to be determined by the rules applicable to civil causes; that the testimony of the prosecutrix need not be corroborated by other evidence; that no act or omission of the defendant is by such act denounced, defined nor made punishable as a crime, and that the provisions of our Constitution and statutes in favor of persons accused of crime cannot be extended to the case of the defendant in a bastardy proceeding, but that, on the contrary, there are expressly withheld from him the specific constitutional guaranties to an accused person in a criminal case of the right to appeal from a judgment against him, and the right also to be prosecuted by indictment or information under the procedure established by the Penal Code.'" 61 Ariz. at 506, 151 P.2d at 984.

■ The Nerini decision likewise provides an answer to the petitioner's contention that a paternity action is quasi criminal. "The defendant also claims that a bastardy proceeding is *quasi* criminal in its nature * * *. A proceeding in bastardy is a civil action * * *." 61 Ariz. at 509, 151 P.2d at 985.

■ These authorities are controlling. The legislature has not seen fit to impose a time limitation within which civil actions must be set for trial. The policy preventing such legislation is obvious: the trial courts of each county must be afforded the judgment and discretion to adjust their burden to effect justice. No formula would promote or preserve the best interest of litigants throughout the state. The trial courts are free, absent abuse, to exercise discretion in considering such factors as the number of cases to be set and tried, the number of available judges and courtrooms, and the immediacy of the issues involved. Where the act sought to be compelled is discretionary, mandamus will lie only where such discretion has been abused. Rhodes v. Clark, 92 Ariz. 31, 373 P.2d 348 (1962). Petitioner has failed to show any abuse of the superior court's discretion.

We find ourselves in sympathy with the petitioner's plea. Inappropriate care of an infant may have long-range ill effects creating additional burdens for our society in the next generation. Lack of financial security for the mother and child can only tend to have such long-range ill effects. But it is in the superior court, not this court, that the discretion is vested to advance cases such as this on the calendar. Writ denied.

KRUCKER, C. J., and HATHAWAY, J., concurring.