416 P.2d 435

**STATE of Arizona, Petitioner,**

v.

**The SUPERIOR COURT OF PIMA COUN-
TY, Honorable Lee Garrett, Presiding
Judge, Jack G. Marks, Judge, and James
R. Madden, Respondents.**

No. 2 CA–CIV 275.

Court of Appeals of Arizona.

July 12, 1966.

William J. Schafer, III, County Atty.,
Pima County; Norman E. Green, former
County Atty., by Arthur L. Meaker, Deputy
County Atty., Tucson, for petitioner.

Geyler & Bird, by Theodore A. Geyler,
Tucson, for respondent James R. Madden.

MOLLOY, Judge.

Petitioner seeks a writ in this court to
prohibit the taking of depositions by the
defendant in a paternity action.

Action was commenced by the filing of
a complaint by the complaining witness
in July, 1965. Following a hearing in
justice court, trial was set for June 14,
1966. Subpoenae duces tecum were filed
by the defendant's counsel on May 27,
1966 and served on the witnesses to be
deposed. Time for taking the depositions
was set for the following day, May 28,
1966. The petitioner, as deputy county
attorney, was granted a hearing on May
28, 1966 on an order to show cause why
the time for the deposition-taking should not
be enlarged. The superior court ruled ad-
versely to the petitioner who then sought
prohibitory relief from this court, on the
theory, raised in the superior court, that (1)
paternity is a quasi-criminal proceeding to
which procedures for discovery by deposition
do not apply, and (2) that the time set for
the depositions was unreasonably short and
did not provide adequate notice for prep-
aration.

This court has recently had occa-
sion to reiterate the well-rooted proposition
that in this jurisdiction paternity proceed-
ings are civil in nature and are subject to
civil procedures. State ex rel. Green v. Su-
perior Court (Vega), 3 Ariz.App. 473, 415
P.2d 487, filed June 14, 1966. See also
Skaggs v. State, 24 Ariz. 191, 207 P. 877
(1922); State of Arizona v. Nerini, 61 Ariz.
503, 151 P.2d 983 (1944); State v. Hicks, 69
Ariz. 208, 211 P.2d 473 (1949); McGuire
v. State, 84 Ariz. 242, 326 P.2d 362 (1958);
State v. Mejia, 97 Ariz. 215, 399 P.2d 116
(1965).

The Rules of Civil Procedure, 16 A.R.S.
specifically provide for discovery by dep-
osition, and accordingly petitioner's first
contention is without merit. 10 Am.Jur.2d
Bastards § 104, pp. 920–921; 10 C.J.S.
Bastards § 82, pp. 170–171.

Petitioner's second contention is
similarly untenable. Rule 30(a), Rules of
Civil Procedure, requires that "reasonable
notice" be given "to every other party" of
the taking of a deposition. Reasonableness
is a quality determined by circumstances,
and the circumstances considered by the

court below and found by that court to justify deposition-taking on short notice, are not before us. Rule 45(b), Rules of Civil Procedure, allows that the court, on prompt motion "* * * *may* quash or modify the subpoena if it is unreasonable and oppressive. * * *" (Emphasis added.) Again, the circumstances prompting the superior court, in its discretion, to refuse to quash the subpoena, are not on record in this court. Twenty-four hours notice is not necessarily unreasonable. 2A Barron & Holtzoff, Federal Practice and Procedure § 713, pp. 208–209.

In any event, the time set for deposition-taking is past. If respondent desires to pursue this discovery, a time will have to be set and fresh notice given.

Writ denied.

KRUCKER, C. J., and HATHAWAY, J., concur.