449 P.2d 317

**The STATE of Arizona, Appellee,**

v.

**Riley Lewis HORN, Appellant.**

**No. 1 CA–CR 153.**

Court of Appeals of Arizona.

Jan. 14, 1969.

Rehearing Denied Jan. 30, 1969.

Review Denied March 11, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

CAMERON, Judge.

This is an appeal by the defendant from a judgment in a paternity proceeding (A.R. S. § 12–841 et seq). We are called upon

to determine if the trial court abused its discretion in refusing to vacate the finding of guilt pursuant to Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S., and in entering judgment against the defendant. The facts necessary for a determination of this matter are as follows.

The defendant, Horn, was charged on 1 February 1967 with a paternity action. At the preliminary hearing he plead "not guilty" and at the conclusion of the hearing he was held to answer by the Justice of the Peace. Horn was later arraigned on the charge in the Superior Court on 9 May 1967 and a plea of "not guilty" was there entered and the matter set for trial 22 June 1967. Defendant had heretofore been represented by counsel but he discharged counsel and failed to appear at the trial 22 June 1967. The only person to testify was the complaining witness and the trial court on the basis of her testimony found the defendant guilty and set the time for sentencing on 7 September 1967.

After the trial defendant re-employed counsel in an effort to avoid the judgment. Defendant moved on 7 September 1967 under Rule 60(c), Arizona Rules of Civil Procedure, to vacate the finding of guilt and to reset the trial or in the alternative to grant a new trial. A hearing was held during which the defendant testified as to the reason why he failed to appear at the trial. He further testified that before the trial he contacted a Deputy County Prosecutor and discussed the case with him and the court as follows:

"Q And that same day we came up to see Judge Thompson here, didn't we?

"A Right.

"Q And we sat right in this room and we told you that if you failed to appear for trial that a judgment would be entered finding you were the father of the child and an order of support would eventually be entered, is that correct?

"A Yes, you told me that.

"Q You fully knew that before the trial was set?

"A I knew what before the trial was set?

"Q Before you were supposed to come to court and didn't come to court, you knew if you didn't come to court you would be found to be the father of the child and an order of support would be entered, is that correct?

"A Right.

"Q Both the trial judge and I told you that right here?

"A Yes."

Although he denied being the father, defendant at this hearing did testify as follows:

"Q You did have intercourse with her did you not?

"A Yes.

"Q And you believe other people also had intercourse with her, is that correct?

"A Right."

Defendant claimed that he had been harassed, cajoled, and intimidated by the victim and the leader of her church in getting defendant to abandon an active defense.

Defendant's motion was denied by the court stating to counsel for defendant:

" * * * The defendant was fully advised of all his rights both by you and by Mr. McCarthy in this particular matter. He was fully advised of the consequences of his not appearing and he was advised that whether or not he appeard (sic) was entirely a matter within his discretion. He was advised to contact you, which was done, and I think that after being fully advised in this matter he made the election not to appear and defend the matter, and the matter having been set for trial was regularly heard and the Court found that the defendant was guilty as charged."

We are concerned whether the trial court abused its discretion in denying defendant's

motion to vacate the finding of guilt under Arizona Rules of Civil Procedure, Rule 60(c) and in entering the judgment against the defendant.

Paternity proceedings are civil in nature thus subject to civil procedures. State ex rel. Green v. Superior Court In and For County of Pima, 3 Ariz.App. 473, 415 P.2d 487 (1966); State v. Superior Court of Pima County, 3 Ariz.App. 541, 416 P.2d 435 (1966).

Rule 60(c), Arizona Rules of Civil Procedure, establishes the criteria for relieving a party from a final judgment, order or proceeding. Whether the motion should be granted has long been held within the discretion of the trial court. Appellate courts will not disturb such a ruling of the trial court unless it is clear that the trial court abused its discretion. Garden Development Co. v. Carlaw, 33 Ariz. 232, 263 P. 625 (1928); Thomas v. Goettl Bros. Metal Products, 76 Ariz. 54, 258 P.2d 816 (1953); Gillette v. Lanier, 2 Ariz.App. 66, 406 P.2d 416 (1965).

In the instant case we find no abuse of discretion. Even though a party should be given a reasonable opportunity to litigate his defense on the merits, Hendrie Buick Co. v. Mack, 88 Ariz. 248, 355 P.2d 892 (1960), when he knowingly failed to appear for trial he abandoned this opportunity and if he later decides to defend he has the burden of convincing the court that he should be granted the relief sought. Gillette v. Lanier, supra. The defendant contends that he was coerced into abandoning his defense by the complaining witness and others, but at the same time he knew full well the consequence of failing to appear. In denying defendant's motion the trial court was also apprised of the circumstances surrounding his abandonment. From the testimony of the defendant at the hearing on the motion to vacate the verdict, we cannot find that the trial court abused its discretion. Wellton-Mohawk Irrigation and Drainage District v. McDonald, 1 Ariz.App. 508, 405 P.2d 299 (1965).

Judgment affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.