202

463 P.2d 97

**STATE of Arizona, Appellee,**

v.

**Brett JEFFREY, Appellant.**

**No. 2 CA–CR 183.**

Court of Appeals of Arizona.

Division 2.

Jan. 2, 1970.

Gary K. Nelson, Atty. Gen., Phoenix by Carl Waag, Asst. Atty. Gen., for appellee.

Joseph H. Soble, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant, Brett Jeffrey, was informed against for the crime of attempted robbery. A judgment of guilty was entered on the jury's verdict. The trial court sentenced him to not less than two and one-half nor more than three years. Defendant's motion for a new trial, based upon newly discovered evidence, was denied. He appeals the judgment and the denial of the motion for a new trial.

On August 2, 1968, the proprietor of the K-Y Market on South Sixth Avenue in Tucson, Arizona, was the victim of an attempted robbery between 11:00 a. m. and noon. Mr. Lowe, the proprietor, identified the defendant as the man who had attempted to rob him. Officer Czech testified he waved to defendant, who was in a blue car, at Tucson Blvd. and Twenty-second Street at about 11:00 or 11:30 a. m. that same day.

Defendant, to the contrary, said he was in the company of friends and at no time was he in the area of the crime. His friends corroborate his story.

After the trial, due to the testimony of Officer Czech, a third party—Timothy O'Neill, testified at the motion for new trial that he had been in a blue car and had waved to Officer Czech at about the same time of day as the incident described by the officer, although he could not place the exact date of the month. James Broome, Mr. O'Neill's employer and friend, corroborated the story. Officer Czech was examined at this time and firmly adhered to his original account.

The trial court denied the motion for new trial saying it believed the jury could have convicted defendant on grounds other than Officer Czech's statements. The court stated the new evidence was "merely accumulative evidence and impeachment evidence" and didn't believe it would change the verdict.

Defendant raises two issues on appeal: (1) Did the trial court err in not granting a new trial?

(2) Was the verdict contrary to the weight of the evidence?

Defendant's first contention attacks the validity of the trial court's determination that there would not be a new trial. In particular, he contends that there was sufficient new evidence for the jury to reach a different verdict.

The Arizona rule is a simple one. Only if the newly discovered evidence would probably yield a different result, and if the evidence could not have been discovered before trial by due diligence, does the trial judge abuse his discretion if he fails to grant a new trial. State v. Love, 77 Ariz. 46, 266 P.2d 1079 (1954); Talley v. State, 18 Ariz. 309, 159 P. 59 (1916). Consequently, it is not advisable to grant a new trial that would tend only to contradict or impeach some of the witnesses. Young Chung v. State, 15 Ariz. 79, 136 P. 631 (1913); State v. Blankenship, 99 Ariz. 60, 406 P.2d 729 (1965).

The ultimate issue in the instant case, therefore, is whether the new evidence offered merely impeached Officer Czech's testimony or whether it was enough to find that the jury would have probably reached a different verdict. We do not believe the trial court abused its discretion in finding the new evidence was accumulative and impeaching only. We also agree with the trial court that the jury could have convicted defendant on grounds separate from Officer Czech's testimony. There was positive identification of defendant by the victim.

Defendant's last contention is that the verdict is contrary to the weight of the evidence. Without further elaboration on the State's case, we agree with the trial court's determination that there was sufficient evidence to go to the jury.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.