468 P.2d 621

**STATE of Arizona, Appellee,**

v.

**Fredrick E. LONG, Appellant.**

**No. 1 CA–CR 224.**

Court of Appeals of Arizona, Division 1.

May 5, 1970.

Rehearing Denied June 5, 1970.

Review Denied July 7, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

HOWARD, Chief Judge.

This is a special paternity proceeding. Appellant was found guilty by a jury and appeals on the grounds that the trial court erred in not granting a new trial based upon newly discovered evidence and further erred in the giving and refusing to give certain instructions.

The evidence shows that the complaining witness gave birth to a baby on June 25, 1968. She testified that she had her last menstrual period on September 27th of 1967 and that she had sexual intercourse with defendant in the months of September, October and November of 1967 and with no other man. Although defendant testified at the preliminary hearing that he might have had sexual intercourse with the complaining witness in September of 1967, he testified at the trial that the last time he had sexual intercourse with her was in August of 1967. Neighbors and friends of the complaining witness testified that they saw defendant's truck at her residence in the months of September, October and November of 1967. The defendant claims that he did not have sexual intercourse with the complaining witness during this period of time.

Complaining witness further testified that the defendant agreed to pay the medical bills but insisted that the baby be put up for adoption.

## NEWLY DISCOVERED EVIDENCE

The appellant does not attack the jury's verdict on the basis of the sufficiency of the evidence but rather asserts that the trial court erred in refusing to grant a new trial based on newly discovered evidence.

At the trial the complaining witness testified that she last saw her former employer in June of 1966. The alleged newly discovered evidence consisted of the fact that, according to the attorney for the appellant, the complaining witness told a probation officer that she saw her ex-boss in 1968. In addition, the appellant maintains that she told the probation officer that she had had sexual intercourse in 1965 with this employer.

The court was correct in not granting a new trial as to this matter for

two reasons. First of all, a new trial will not be granted for the purpose of introducing testimony on a collateral issue solely for the purpose of contradicting or impeaching a witness. State v. Thurston, 100 Ariz. 297, 413 P.2d 764 (1966); State v. Jeffrey, 11 Ariz.App. 202, 463 P.2d 97 (1970). Secondly, this was not evidence that could not have been discovered by the exercise of due diligence prior to trial. In fact, at the trial of this case, appellant obviously knew of the existence of this man since appellant cross-examined the complaining witness quite thoroughly about him. The evidence shows that he was present in the jurisdiction and available to the appellant prior to and during the trial. For both of these reasons we reject the contention of the appellant.

: ▮ Appellant also contends that the county attorney had information in his file to the effect that during May and June of 1967 the complaining witness was having sexual intercourse with another man. Appellant has again failed to show that this evidence could not have been discovered by the exercise of due diligence prior to trial, or at least that the name of this man could not have been discovered prior to trial.

Paternity proceedings are civil in nature and subject to civil procedures including procedures pertaining to discovery by deposition. State v. Superior Court of Pima County, 3 Ariz.App. 541, 416 P.2d 435 (1966). Appellant at least could have taken her deposition prior to the time of trial in order to attempt to secure the names of all men with whom she went out prior to the time the child was conceived. In any event, this allegedly newly discovered evidence is also merely impeachment on a collateral matter. The trial court did not err in rejecting this evidence.

## ERRORS IN INSTRUCTIONS

The appellant contends that the trial court erred in the giving of certain instructions and in refusing certain of its instructions. However, the appellant has not favored us with any law to support his contentions, nor have we been able to find any. We, therefore, reject appellant's contentions as to errors in the giving and refusing to give instructions.

The judgment is affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.