# No. A-CV-03-87

# Supreme Court of the Navajo Nation

Genevieve Notah, *Petitioner-Appellee,*
vs.
Danny Francis, *Respondent-Appellant.*
Decided June 19, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Allen Sloan, Esq., Window Rock, Arizona for the Appellant; Kinsey D. Yazza, Esq., Navajo Legal Aid and Defender Service, Window Rock, Arizona for the Appellee.*

*Opinion delivered by Tso, Chief Justice.*

This case raises the questions: (1) whether the statute of limitations can bar enforcement of an order awarding child support; (2) whether unsolicited in-kind contributions must be credited to reduce child support payments due; and (3) whether a party's overall financial situation must be considered in determining the amount of child support payments.

The final judgment entered by the Chinle District Court on May 7, 1979, ordered the appellant, Danny Francis, to pay $150.00 per month to the appellee, Genevieve Notah, for the support of their child. Mr. Francis made one payment on August 20, 1979, despite Ms. Notah's requests for payment in July, 1979, December, 1983, and January and February, 1984. Mr. Francis has remarried, and has three children by his present wife.

On June 16, 1986, Ms. Notah petitioned the Chinle District Court for an order to show cause why Mr. Francis should not be held in contempt for failure to comply with the May, 1979, judgment. On August 4, 1986, the district court found Mr. Francis in contempt, and imposed a penalty which was suspended in lieu of his resumption of support payments. The district court took the issues now on appeal under advisement, and on December 16, 1986, the court entered its decision ordering Mr. Francis to pay $12,600.00 in delinquent support payments over three years. The court

further ordered that in-kind contributions made by Mr. Francis could not be credited to reduce the delinquent amount. Mr. Francis moved for reconsideration on January 7, 1987, which was denied, and this appeal followed.

# I. Statute of Limitations

Mr. Francis argues that Ms. Notah's claim for unpaid child support is an action on a debt, and that, because it was brought over seven years after the final judgment awarding child support, it is barred by the statute of limitations. 7 N.T.C. §602[1] (1985). Further, Mr. Francis argues that the judgment can be enforced only by a writ of execution, which must be brought within five years of the original judgment. 7 N.T.C. §705 (1985). Although the statute of limitations is tolled if the person bringing the action is a minor, 7 N.T.C. §602(f) (1985), Ms. Notah brought this action in her own name and on her own behalf, and thus Mr. Francis contends that such an action is not tolled, but falls under the five year limitation.

The district court rejected this argument by deciding that child support is a continuing obligation which is not subject to the statute of limitations. The court based its decision in part on an Arizona Supreme Court decision, *State v. Nerini,* 61 Ariz. 503, 151 P. 2d 983 (1944). However, this Court has long recognized a father's absolute obligation under Navajo tradition to provide support for his children. In *Tom v. Tom,* 4 Nav. R. 12 (1983), we held:

It is plain under the customary law of the Navajo people that a father of a child owes that child, or at least its mother, the duty of support. It is said that if a man has a child by a woman and fails to pay the woman money to support it, "He has stolen the child." In other words, the man who receives the benefit and joy of having a child is a thief if he does not share in the worldly burdens of taking care of it. This Navajo custom lays the groundrule of support, and the conclusion to be drawn from the principle given is that a man must pay as much as is necessary for the child, given his abilities and resources at any given time.

*Id.* at 13. As this Court said in *Arviso v. Dahozy,* 3 Nav. R. 84, 85 (1982), the primary party to be considered in such cases is the child. Thus, child support is not a right of the mother to payments, which may be waived if the mother does not assert it within a given time, but an obligation of the father to his child, continuing for as long as the child needs that support.

---

1. §602(b)(1) sets a limit of three years after the cause of action accrues for actions for debt "where indebtedness is not evidenced by a contract in writing." §602(d) sets a limitation of five years for civil actions where no limit is otherwise described.

In *Begay v. Brown,* 3 Nav. R. 103 (1982), this Court considered the similar question of whether the statute of limitations barred the petitioner's action for forcible entry and detainer to recover property rights awarded her under a final divorce judgment. We held that the original judgment obligated the respondent to respect the petitioner's right to possession whenever she chose to assert it, because the respondent's presence on the land was a continuing trespass, against which limitation did not run. *Id.* at 104.

In this case, Mr. Francis's obligation is clear, because the duty to provide support imposed by the court joins with the natural duty a father owes his child under Navajo custom. Although support might be paid to the mother, it is a duty owed to the child, continuing for as long as it is needed or for the period indicated in the court order, and it cannot be waived by the mother's failure to take legal action. Therefore, we hold that orders providing for child support payments, or for payment of arrearage resulting from delinquent support payments, cannot be barred by the statute of limitations, the doctrine of laches, or any reliance by the father on the mother's previous failure to act to enforce the father's obligation. We base this holding neither on state law nor on any tolling of the statute of limitations.[2] Rather, our holding rests on the absolute obligation established by Navajo tradition to provide for the support of one's children, and the public policy that, in such cases, the child's welfare must take precedence over a technical analysis of the extent of the parents' legal rights and duties.

Mr. Francis also argues that the child lives with her maternal grandmother, and not with Ms. Notah, and that he therefore should not have to make payments to Ms. Notah. This reasoning is unacceptable because the obligation is to the child, and not to the mother, and therefore it does not depend on the mother's particular arrangements for caring for the child. If Mr. Francis's support payments are not being used for the child's benefit, he may bring this to the attention of the district court, but such arguments will not justify escaping the duty to make support payments to the child. The best interest of the child is always the overriding consideration, and the district courts must look at the parents' arrangements with the aim of promoting the child's welfare.

## II. In-Kind Payments

Mr. Francis argues that the district court erred in denying credit against support arrearage for his in-kind contributions of clothing and a bedroom

---

2. Thus, our decision does not rely on the principle, advanced in *Becenti v. Laughlin,* 4 Nav. R. 147, 148 (Window Rock D. Ct. 1983), that a legitimate attempt to collect on a money judgment tolls the statute of limitation. The appellee's claim would not be barred even if she had made no previous attempt to obtain payment.

set. However, he cites no precedent supporting this contention, nor can this Court find any. The district court's judgment of May 7, 1979, set support payments at $150.00 per month, without mentioning in-kind contributions. The court never modified that judgment, and Mr. Francis does not assert that Ms. Notah ever agreed to substitute in-kind contributions for the payments ordered under the final judgment.

This Court has no objection to in-kind contributions in lieu of money payments in complying with court-ordered child support. As a matter of policy, this method of payment might be very useful in cases where, for example, the father is unemployed, and would be better able to provide services or materials aside from money. However, one party is not free to substitute in-kind payments without the other party's or the court's consent; to allow that would be to allow a party unilaterally to modify the court's order. Therefore, we hold that in-kind contributions may be credited to child support payments when allowed by the court, or when both parties consent to the substitution. In cases where the court order has not been modified to allow in-kind contributions, the burden of proof shall be on the party providing the contributions to show the other party's consent. The value of in-kind contributions must be agreed upon by the parties or determined by the court, and may cover all or part of the monthly support payment. Where, as here, the court order was not modified, nor prior consent obtained, in-kind contributions shall be considered a gift to the child, without any effect on support payments due.

## III. Arrearage Payments

The district court found that Mr. Francis owed $12,600.00 in delinquent child support, and ordered him to pay this amount within three years. Adding this to the $150.00 per month already due, Mr. Francis's payments would be $500.00 per month. Mr. Francis argues that $500.00 per month is unreasonable, and that he cannot afford to pay that amount.

This Court has repeatedly directed the district courts to take a party's ability to pay into consideration in determining the amount of support payments. In *Arviso v. Dahozy, supra,* we considered the question of arrearage payments, and we remanded that case to the district court with instructions to consider the father's income, property and other resources in setting the period within which the arrearage must be paid. 3 Nav. R. at 85. We stated that the primary concern is the child's welfare, not penalizing the delinquent party, and that the arrearage must be paid as soon as possible consistent with the father's ability to pay. *Id.* Similarly, in *Tom v. Tom, supra,* we held that the father must pay as much as necessary, "given his abilities and resources at any given time." 4 Nav. R. at 13.

The overriding function of child support is to provide for the welfare of a child, in a manner that is in the child's best interest. Just as no one should have to be reminded of his obligation to pay child support, the parent receiving the payments should not delay in seeking enforcement of court-ordered child support if the other parent fails to pay. Undue delay not only imposes a hardship on the child, it also causes the arrearage to pile up to the point where the delinquent parent might be unable to pay it off. Of course, we must insist that arrearages in support payments must be paid as quickly as possible; to decide otherwise would encourage non-payment. However, payments must not be set at a level that would ruin the party ordered to pay, or cause extreme hardship to that party's present family. Courts must insist that parents accept their responsibilities to their children, but must not make it impossible to meet those responsibilities.

In this case, the record contains no evidence that the court made detailed findings of the appellant's resources or his obligations to his present family. This is primarily the appellant's fault, because he is in the best position to provide that information. However, the district court's order is incomplete without such an examination, and we remand the case with instructions to consider whether the period within which the arrearage must be paid should be extended. On remand, the burden of proof shall be on the appellant to show that he is unable to pay $500.00 per month in combined past and present child support. The court will set payments at a level that will allow the arrearage to be paid promptly, consistent with the welfare of all children affected by the court's order.

Finally, this Court admonishes the appellant that the proper recourse is to seek a modification in the district court if he disagrees with court-ordered child support payments. This Court will not condone a party neglecting its obligation and, when court action is initiated, raise inability to pay as a defense. In these cases, the presumption on appeal favors the district court, and this Court will not engage in a detailed consideration of arguments that should have been made below.

Affirmed in part, remanded in part for further proceedings consistent with this decision.