**LEFAGA S. BEAVER, Plaintiff**

**v.**

**WILLIAM H. CRAVENS, W. SCOTT BARRETT,
SOUTH PACIFIC TRADERS, INC., and DOES I-XX,
Defendants**

High Court of American Samoa
Trial Division

CA No. 72-90

August 6, 1993

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Charles V. Ala'ilima
 For Defendant W. Scott Barrett, N. George Daines

Defendant W. Scott Barrett scheduled a deposition of defendant William Cravens for August 9, 1993, in Logan, Utah. Plaintiff Beaver admits receiving notice of this deposition on August 3. In response to the scheduled deposition, plaintiff filed a motion for a stay of the deposition and for expedited hearing and notice on August 4, 1993. For the following reasons, plaintiff's motion is denied.

First, "the deposition-discovery rules are to be accorded a broad and liberal treatment" in order to accomplish the purposes of discovery. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), *cert. denied* 435 U.S. 996; *see generally* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2101, at 366 (1970 & Supp. 1993).

115

Second, the examining party may set the deposition of a party at any place which he desires, subject to the power of the court to grant a protective order if deemed necessary. *Pinkham v. Paul*, 91 F.R.D. 613, 614 (D. Maine 1981) (quoting 8 C. Wright & A. Miller, Federal Practice & Procedure § 2112, at 403). Upon a showing of good cause, though, a court may issue a protective order specifying the time and place of a deposition. Such an order may be issued to protect the party from "undue burden or expense." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) (citing Fed. R. Civ. P. 26(c)), *on rehearing sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, *cert. dismissed* 488 U.S. 881 (1988).

Third, what constitutes "reasonable notice" under T.C.R.C.P. 30(b)(1) is quite flexible, depending on the circumstances. *See* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2111, at 400. Even a one-day notice may be "reasonable." *See, e.g., Natural Organics, Inc. v. Proteins Plus, Inc.*, 724 F. Supp. 50, 52 n.3 (E.D.N.Y. 1989) (citing *Radio Corp. of America v. Rauland*, 21 F.R.D. 113, 124 (N.D. Ill. 1957)); *State v. Superior Court of Pima County*, 416 P.2d 435, 435-36 (Ariz. App. 1966) ("Twenty-four hours['] notice is not necessarily unreasonable.").

In short, scheduling a deposition when a witness is in the area is a reasonable way to save time and money. Thus, Barrett's taking Cravens' deposition in Utah is quite appropriate. The six-day notice is reasonable in that Barrett's counsel sent plaintiff a notice of the deposition as soon as he learned that Cravens would be in the area. Also, plaintiff's rights would not prejudiced in light of the availability of telephone and fax services during the deposition and plaintiff's option of conducting his own deposition of Cravens in the future.

The motion is DENIED.

It is so ordered.